**Mary DEMERETZ, Appellant,**

v.

**DANIELS MOTOR FREIGHT, INC.,**
a corporation.

**Nos. 13840, 13846.**

United States Court of Appeals
Third Circuit.

Argued May 14, 1962.

Decided Aug. 10, 1962.

Daniel M. Berger, Pittsburgh, Pa. (Morris M. Berger, Berger & Berger, Pittsburgh, Pa., Charles McC. Barrickman, Beaver, Pa., on the brief), for plaintiff-appellant.

Theodore O. Struk, Pittsburgh, Pa. (R. E. Wayman, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for defendant.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

This is a diversity action for personal injury and property damage caused by a collision between plaintiff's passenger automobile and defendant's tractor-trailer. On April 19, 1961, a jury returned a verdict in favor of the plaintiff in the amount of $42,500. On April 20th, judgment was entered on this verdict. On April 25th, defendant filed a timely motion for a new trial, assigning the following grounds:

"1. The verdict is against the law and the evidence.

"2. The Court erred in permitting a witness to testify relative to a statement allegedly made by the defendant's driver.

"3. The Court erred in permitting maps to be introduced into evidence.

"4. The Court erred in permitting the plaintiff to attack a witness on collateral matter."

This motion was denied on September 20, 1961.

On October 18, 1961, the defendant filed a petition for "re-argument and reconsideration" of its motion for a new trial. The same day, without notice to the plaintiff or any hearing, the court entered the order from which this appeal has been taken. The order recited that the court was acting upon consideration of the motion for a new trial in the light of the motion for reargument. Its operative language is as follows:

"It is ORDERED that:

"Plaintiff is directed to file, within twenty (20) days a stipulation remitting all monies awarded under the verdict in excess of $32,500, and upon her failure to do so, the previous order of this Court denying defendant's motion for new trial is hereby vacated, and a new trial as to damages alone is granted.

"It is further ORDERED that if a remittitur is filed as directed, a new trial is denied."

Claiming that the court was without power thus to require the plaintiff either to remit part of her recovery or to submit to a new trial as to damages, plaintiff now asks that we review this order either by appeal under Section 1291 of Title 28 United States Code, or by writ of certiorari under our general power to "issue all writs necessary or appropriate in aid of * * * [our] jurisdiction * * * and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

Our first consideration is whether the order of October 18, 1961 is a final judg-ment appealable under Section 1291 of Title 28. In this connection we view that order as an order granting a new trial. It expressly provided for a new trial if the plaintiff should fail to file within twenty days a stipulation of remittitur. Twenty days elapsed without such a filing and thereafter plaintiff took this appeal. Thus, when the appeal was filed the originally conditional order for a new trial as to damages had become absolute and unqualified.

 We have concluded that this case presents the extraordinary situation in which an order granting a new trial, which normally would be interlocutory, is treated as an appealable final order. The controlling precedent is Phillips v. Negley, 1886, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013. There a defendant had filed a motion for a new trial after the expiration of the term at which a judgment had been recovered against him. He showed that without fault on his part he had remained unaware that the case had been calendared for trial, although notice had been mailed to his counsel of record. The court granted a new trial and an immediate appeal was taken on the ground that the court's power to disturb its own final judgment by further proceedings in that action had expired with the term at which the judgment had been entered. When the matter was brought to the Supreme Court on writ of error, the Court ruled that an order granting a new trial is itself reviewable as a final judgment when the challenge goes to the judicial power of the court to take that action. Apparently the Supreme Court viewed the immediate appeal as appropriate because the inquiry was in essence whether the original judgment remained in legal contemplation an effective and enforceable final order. But however doubtful the rationale of Phillips v. Negley may be, courts of appeals have repeatedly recognized its authority and applied its holding in reviewing new trial orders challenged as beyond the trial court's jurisdiction. Jackson v. Wilson Trucking Corp., 1957, 100 U.S.App.D.C. 106,

243 F.2d 212; Untersinger v. United States, 2d Cir. 1950, 181 F.2d 953; Tsai v. Rosenthal, 8th Cir. 1961, 297 F.2d 614; Gilliland v. Lyons, 9th Cir. 1960, 278 F.2d 56; see Kanatser v. Chrysler Corp., 10th Cir. 1952, 199 F.2d 610, 615–16, cert. denied, 1953, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.

█ It is true that in a rather unusual denaturalization case we refused to review an order of a district court setting aside a default judgment and reopening a proceeding in which the naturalization of an individual had been cancelled. United States v. Agne, 3d Cir. 1947, 161 F.2d 331. We said that the order reopening the proceeding was interlocutory and added the thought that it made no difference whether the order was attacked on jurisdictional grounds or on its merits. The original judgment had been challenged by filing a complaint in the nature of a bill of review, conceptually a separate equitable proceeding available at any time to one who sought to reopen an outstanding decree. Thus any question raised as to jurisdiction could not have been substantial. Phillips v. Negley was not even cited to this court as a relevant precedent. Whether it could have been extended to the special circumstances of the Agne case we need not decide. However, the situation now before us cannot be distinguished in any significant way from the actual situation with which the Supreme Court dealt in Phillips v. Negley. Accordingly, we are constrained to hold that we have authority under Section 1291 at this time to inquire into the power of the court below to issue its order granting a new trial. We have no doubt that the rule which generally denies an immediate appeal from an order granting a new trial is salutary. We merely recognize that Phillips v. Negley has created one narrow, perhaps anomalous, exception to this rule.

We turn now to the merits of the appeal. Final judgment for $42,500 was entered on April 20th and a timely motion for a new trial was denied on September 20th. We begin our analysis by inquiring whether on September 20th it would have been within the court's power to have ruled that the verdict was excessive and to have ordered a new trial as to damages. If it was then beyond the court's power to take such action it is difficult to see from what source it could derive power to do so later, whether on its own initiative or pursuant to the request of a party.

█ Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C. deals separately with the granting of a new trial pursuant to a motion and the granting of a new trial on the court's initiative. A motion for a new trial must state the grounds upon which relief is sought and it raises no issues other than those covered by the stated grounds for relief. This reasoning has led the courts to conclude that a new trial granted for reasons not stated in a pending motion for a new trial is in legal contemplation action by the court on its own initiative. McDonald v. Dykes, 3d Cir. 1947, 163 F. 2d 828, aff'g. E.D.Pa.1947, 6 F.R.D. 569; Freid v. McGrath, 1942, 76 U.S.App.D.C. 388, 133 F.2d 350; Gilliland v. Lyons, supra; Marshall's U. S. Auto Supply Co. v. Cashman, 10th Cir. 1940, 111 F.2d 140. Here, the motion for a new trial contained no suggestion of a contention that the verdict was excessive. Thereafter, testimony as to damages was not even transcribed, and nothing else was done by the defendant to indicate reliance upon this issue before the denial of the motion. It follows that, had the court ordered remittitur or a new trial on September 20th, it would have acted on its own initiative.

But Rule 59(d) puts an explicit time limitation on the power of a court to order a new trial on its own initiative, stipulating that this can be done "not later than 10 days after the entry of judgment". Therefore, September 20th would have been much too late for the entry of an order granting a new trial because the judgment was excessive.

██ To avoid this consequence it is argued that a timely motion for a new trial should be treated as tolling the run-

ning of the ten day period within which a court can grant a new trial on its own initiative. See 6 Moore, Federal Practice, 2 ed. 1953, § 59.09. But the courts of appeals which have considered this point have refused to add this gloss to a rule which exhibits on its face an explicit and unqualified time limitation. McDonald v. Dykes, supra; Freid v. McGrath, supra; Chicago & North Western Ry. v. Britten, 8th Cir. 1962, 301 F.2d 400; Kanatser v. Chrysler Corp., supra. We agree that any such relaxation of the rules should be by the rule making power, rather than by individual inferior courts. Certainty and uniformity of interpretation are particularly desirable in the administration of time limitations imposed by rules of procedure. More particularly, the time within which a district court can grant a new trial under Rule 59 should not vary from circuit to circuit. Accordingly, we conclude that on September 20, 1961 the district court had no power to grant a partial new trial on the ground that the award was excessive.

Nothing happened after September 20th which could restore or recreate judicial power, with respect to granting a new trial under Rule 59, that had already expired. The record shows that a motion for reconsideration and reargument was filed, but apparently not heard or even served upon the opposing party, the very day that a new trial was ordered. We are also told that the trial judge had indicated to counsel that even at the time the order of September 20th denying retrial was entered he was concerned that the verdict may have been excessive. But none of this changes the fact that no attack upon the judgment as excessive had been made by the defendant within the ten day period limited by the rule and no action in that regard had been taken by the court on its own initiative. Moreover, there is no merit in the argument advanced on this appeal that because the order denying a new trial was entered while the judge was still troubled by the amount of the recovery, the power which Rule 60 confers upon courts to correct "clerical mistakes in judgments" covers the present situation. For even if the judgment of September 20th could be viewed on the present record as a clerical mistake, the question would still remain whether the supposedly contemplated granting a new trial as to damages was within the court's power on September 20, 1961 when the "mistake" was made. We have already demonstrated that it was not.

On the appeal of right, the order of October 18, 1961 will be vacated and the judgment of September 20, 1961 will be reinstated as of the date upon which the mandate of this court shall be entered in the district court. Because we have exercised jurisdiction on the appeal, the application for a writ of certiorari will be denied.