518 F.2d 488
 Kenneth STRADLEY, Appellee,
v.
Frederick CORTEZ, Jr., a minor by his father and natural
guardian of the Estate of Frederick Cortez, Jr.,
and Frederick Cortez, Sr., Appellant in
No. 74-1693.
Appeal of AETNA CASUALTY & SURETY COMPANY, in No. 74-1694.
Appeal of PROFESSIONAL INSURANCE BROKERS, INC., in No. 74-1695.
 Nos. 74-1693 to 74-1695.
 United States Court of Appeals,
Third Circuit.
 Argued April 28, 1975.
Decided June 5, 1975.
As Amended June 26, 1975.
 
 James E. Colleran, Beasley, Hewson, Casey, Kraft & Colleran, Philadelphia, Pa., for appellee.
 William B. Allen, Levittown, Pa., for appellant Cortez.
 Edward B. Joseph, Kaliner & Joseph, Philadelphia, Pa., for appellant Aetna Cas. & Sur. Co.
 Jonathan Wheeler, Frank & Margolis, Philadelphia, Pa., for appellant Professional Ins. Brokers, Inc.
 Before VAN DUSEN, ADAMS and GARTH, Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge.
 
 
 1
 On this consolidated appeal by defendant Cortez, Sr. and his two insurance carriers, we are obliged to review the district court's exercise of discretion in granting a new trial, limited to the negligence of Frederick Cortez, Sr., four years after a jury verdict was recorded against only a co-defendant, Frederick Cortez, Jr. We hold that the district court lacked jurisdiction to grant a new trial under Fed.R.Civ.P. 59 and 60(b)(1) and abused its discretion in granting a new trial under Rule 60(b)(6).
 
 I. FACTS
 
 2
 The incident giving rise to this action was an automobile collision on October 16, 1965. Plaintiff Kenneth Stradley's car was struck in the rear by a vehicle operated by Frederick Cortez, Jr. (Junior) and owned by Frederick Cortez, Sr. (Senior). Stradley sustained various injuries and commenced suit, based on diversity jurisdiction, to recover damages in the district court for the Eastern District of Pennsylvania on October 13, 1967. The complaint named as defendants "Frederick Cortez, Jr., a Minor by Frederick Cortez, Sr., . . . and Frederick Cortez, Sr." Paragraph Five of the complaint specifically alleged that at the time of the accident Cortez, Jr. was acting as the "agent, servant, or employee of" and "under the direct and exclusive control of" Cortez, Sr.
 
 
 3
 An answer was filed on behalf of both defendants which denied plaintiff's allegations of agency. Trial was scheduled on March 19, 1970. Shortly before trial was to commence, defendants' counsel requested leave to withdraw from the case, as he was unable to communicate with either of his clients. On March 19, 1970, leave to withdraw was granted and trial was held in the absence of defendants and without their being represented by counsel.[1] The jury returned a verdict for plaintiff in the amount of $150,000.00 and judgment was entered on the verdict.
 
 
 4
 The trial transcript reveals the following colloquy between the jury foreman and the deputy clerk:
 
 
 5
 THE DEPUTY CLERK: Have you agreed upon a verdict?
 
 
 6
 THE FOREMAN: Yes, we have.
 
 
 7
 THE DEPUTY CLERK: How do you find? In favor of the plaintiff or in favor of the defendant?
 
 
 8
 THE FOREMAN: In favor of the plaintiff.
 
 
 9
 THE DEPUTY CLERK: And what amount do you assess damages?
 
 
 10
 THE FOREMAN: $150,000.
 
 
 11
 THE DEPUTY CLERK: Members of the jury, hearken unto your verdict as the Court hath recorded it: In this issue joined wherein S. Kenneth Stradley is plaintiff and Frederick Cortez, Jr. is defendant, you find for the plaintiff $150,000. and so say you all?
 
 
 12
 THE JURY: Yes.
 
 
 13
 On the basis of this verdict, judgment was entered as follows:
 
 
 14
 In accordance with the verdict by the Jury, it is ordered that Judgment be and is hereby entered in favor of Plaintiff Kenneth Stradley and against Defendant Frederick Cortiz (sic), Jr. in the sum of $150,000.
 
 
 15
 Almost four years after this judgment was entered on March 19, 1970, the plaintiff, on March 14, 1974, moved in the district court to "Change the Docket and Enter Judgment Against Defendants." In his motion papers, plaintiff claimed that the reason the verdict was recorded only against one rather than both defendants was due to the manner in which the deputy clerk questioned the jury ("How do you find? In favor of the plaintiff or in favor of the defendant ?"). Plaintiff argued that: "The jury never exonerated Frederick Cortez, Sr. from liability in this action . . . (and) never in any way indicated that the finding of liability should relate only to Frederick Cortez, Jr." Therefore, plaintiff asked the district court " . . . to amend the record to do exactly what the jury did and that is to find both defendants legally responsible to the plaintiff in the form of a judgment against them."[2]
 
 
 16
 The district court refused to treat the alleged mistake in the recording of the verdict as a clerical error, correctable by amending the docket. The court explained this decision as follows:
 
 
 17
 We do not believe that the Court has the authority to amend the docket entries so that judgment may be entered against a defendant whom the jury had not stated in their verdict . . . (citation omitted). We cannot now enter the minds of the jurors to answer a question that was never posed to them . . . We therefore believe that in the interest of justice another trial is warranted limited to the issue of the liability of Frederick Cortez, Sr.
 
 
 18
 We agree with the district court that the alleged error in the judgment could not be corrected by amending the docket. However, the district court abused its discretion when it sua sponte awarded a new trial.[3]II. APPEALABILITY
 
 
 19
 We turn first to Stradley's argument that this Court lacks jurisdiction over this appeal because an order granting a new trial is not a final (hence, an appealable) order.[4] An order granting a new trial is usually not appealable as a final judgment. Wright & Miller, Federal Practice and Procedure: Civil § 2818. However, when the trial court's power to grant a new trial is challenged, what would otherwise be an interlocutory order is treated as an appealable final order. We analyzed this limited exception to the non-appealability of final orders in Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962):
 
 
 20
 We have concluded that this case presents the extraordinary situation in which an order granting a new trial, which normally would be interlocutory, is treated as an appealable final order. The controlling precedent is Phillips v. Negley, 1886, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013. There a defendant had filed a motion for a new trial after the expiration of the term at which a judgment had been recovered against him. He showed that without fault on his part he had remained unaware that the case had been calendared for trial, although notice had been mailed to his counsel of record. The court granted a new trial and an immediate appeal was taken on the ground that the court's power to disturb its own final judgment by further proceedings in that action had expired with the term at which the judgment had been entered. When the matter was brought to the Supreme Court on writ of error, the Court ruled that an order granting a new trial is itself reviewable as a final judgment when the challenge goes to the judicial power of the court to take that action. Apparently the Supreme Court viewed the immediate appeal as appropriate because the inquiry was in essence whether the original judgment remained in legal contemplation an effective and enforceable final order. But however doubtful the rationale of Phillips v. Negley may be, courts of appeals have repeatedly recognized its authority and applied its holding in reviewing new trial orders challenged as beyond the trial court's jurisdiction. Jackson v. Wilson Trucking Corp., 1957, 100 U.S.App.D.C. 106, 243 F.2d 212; Untersinger v. United States, 2d Cir. 1950, 181 F.2d 953; Tsai v. Rosenthal, 8th Cir. 1961, 297 F.2d 614; Gilliland v. Lyons, 9th Cir. 1960, 278 F.2d 56; see Kanatzer v. Chrysler Corp., 10th Cir. 1952, 199 F.2d 610, 615-16, cert. denied, 1953, 344 U.S. 921, 73 S.Ct. 388, 97 L.Ed. 710.
 
 
 21
 Accordingly, we are constrained to hold that we have authority under Section 1291 at this time to inquire into the power of the court below to issue its order granting a new trial. We have no doubt that the rule which generally denies an immediate appeal from an order granting a new trial is salutary. We merely recognize that Phillips v. Negley has created one narrow, perhaps anomalous, exception to this rule.
 
 
 22
 307 F.2d at 471-72. Accord, Harkins v. Ford Motor Co., 437 F.2d 276 (3d Cir. 1970). See Peterman v. Chicago, Rock Island and Pacific Railroad Co., 493 F.2d 88 (8th Cir.), cert. denied, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974), Wiggs v. Courshon, 485 F.2d 1281 (5th Cir. 1973). Since the thrust of Cortez's argument is that the district court had no jurisdiction to grant a new trial under the circumstances of this case, we are satisfied that we have appellate jurisdiction to review the May 10, 1974 order which granted Stradley a new trial.[5]
 
 
 23
 Unfortunately, as we indicated, note 2 supra, the plaintiff did not designate the particular Federal Rule of Civil Procedure under which he sought relief. His delinquency in this regard requires us to analyze the propriety of the district court's order under all sections of Fed.R.Civ.P. 59 and 60. While we have decided to undertake such additional labors in this case, our decision to do so should not be construed as either approving or condoning this practice. We make no commitment as to our actions in the future when faced with such ambiguity regarding the Rule upon which a motion is based.
 
 III. RULE 59
 
 24
 Fed.R.Civ.P. 59 governs the grant of a new trial, either on the motion of a party or on the initiative of the court. Rule 59 provides in relevant part:
 
 
 25
 Rule 59. New Trials; Amendments of Judgments
 
 
 26
 (b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment.
 
 
 27
 (d) On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.
 
 
 28
 (e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
 
 
 29
 A Rule 59 motion to alter or amend a judgment (59(e)), or for a new trial (59(b)), or the grant of a new trial on the initiative of the court (59(d)) must be within ten (10) days of the entry of judgment. The ten (10) day time period may not be extended by the trial court[6] and " . . . cannot be circumvented regardless of excuse. . . ." Lapiczak v. Zaist, 451 F.2d 79, 80 (2d Cir. 1971). See Peterman, supra, 493 F.2d at 91, Demeretz, supra, 307 F.2d at 472.
 
 
 30
 Here Stradley's motion to amend the docket and the district court's grant of a new trial did not occur until some four (4) years after the date on which the challenged judgment was entered. Under such circumstances, the district court was powerless to grant a new trial under Rule 59.
 
 IV. RULE 60
 Fed.R.Civ.P. 60 provides as follows:
 
 31
 (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. . . .
 
 
 32
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; . . . (3) fraud; . . . (4) the judgment is void; (5) the judgment has been satisfied; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .
 
 
 33
 The grant of a new trial in the present case could arguably be predicated either upon Rule 60(a), 60(b)(1), or 60(b)(6). We conclude that to the extent the district court had power to grant a new trial, it abused its discretion in so doing here.
 
 
 34
 Rule 60(a) is not applicable to plaintiff's situation because the " mistake" here, if there was a mistake, was not clerical in nature. Absent a " clerical error", plaintiff cannot take advantage of the liberal time provision of Rule 60(a) which authorizes the correction of such errors "at any time".
 
 
 35
 Rule 60(b)(1) also authorizes relief from a final judgment in the case of "mistake, inadvertence, surprise, or excusable neglect". As contrasted with Rule 60(a)'s applicability to mistakes of a clerical nature, Rule 60(b)(1) is concerned with mistakes of a substantive nature. Relief under Rule 60(b)(1), however, is limited to motions made "not more than one year after the judgment, order, or proceeding, was entered or taken." Here, Stradley's motion to amend the docket was filed almost four years after entry of judgment, and is therefore time barred under Rule 60(b)(1).
 
 
 36
 The final provision under which Stradley could arguably seek relief is Rule 60(b)(6) " . . . any other reason justifying relief from the operation of the judgment." Relief under 60(b)(6) is not limited by any strictly defined time period. Rather, relief can be afforded under this rule if it is sought " within a reasonable time." Nevertheless, Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented. Rule 60(b)(6) is available only in cases evidencing extraordinary circumstances, Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), and only when the relief sought is based upon "any other reason" than a reason which would warrant relief under 60(b)(1-5). Federal Deposit Insurance Corp. v. Alker, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956). See Wright & Miller, Federal Practice and Procedure: Civil § 2864.
 
 
 37
 This Court has already considered the relationship between Rule 59 and Rule 60(b)(6) in John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co., 239 F.2d 815 (3d Cir. 1956) and rejected relief under the latter provisions absent extraordinary circumstances. There, the defendant moved for a new trial fifteen (15) days after judgment was entered. Faced with the ten (10) day time limit of Rule 59(b), the defendant sought relief under Rule 60(b)(1) & (6). In affirming the district court, we held that defendant's motion was untimely under Rule 59(b) and that defendant had failed to show " . . . exceptional circumstances calling for extraordinary relief under Rule 60(b). . . . " We wrote:
 
 
 38
 For as we have seen the defendant moved for the application of Rule 60(b), clauses (1) and (6), to its motion for a new trial. Conceding that under appropriate circumstances the district court may entertain under Rule 60(b) a motion for a new trial which is untimely under Rule 59(b) it is perfectly plain that it may do so only if a showing is made which complies with the requirements of that rule, clause (1) of which requires a showing of "mistake, inadvertence, surprise, or excusable neglect" and clause (6) a showing of "any other reason justifying relief from the operation of the judgment". As we pointed out in Federal Deposit Insurance Corp. v. Alker, 3 Cir., 1956, 234 F.2d 113, 117, Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances.
 
 
 39
 239 F.2d at 817.
 
 
 40
 In summary, therefore, plaintiff can use Rule 60(b)(6) as a means of avoiding the time bars of Rules 59 and 60(b)(1-3) only upon a showing: (1) that the reason for the relief sought under 60(b)(6) is not embraced within the various provisions of 60(b)(1-5); and, (2) that exceptional circumstances exist which warrant the granting of extraordinary relief. Applying these principles to the present case, it is apparent that Stradley is not entitled to relief under Rule 60(b)(6).
 
 
 41
 The record, against which the propriety of the district court's grant of a new trial under Rule 60(b)(6) must be measured, consisted of: (1) the proceedings at No. 43804 which were terminated by the judgment of March 19, 1970, " . . . in favor of plaintiff Kenneth Stradley and against defendant Frederick Cortiz (sic), Jr. in the sum of $150,000" ; (2) "Plaintiff's Motion to Change the Docket and Enter Judgment Against Defendants" ; and (3) the Motion of Aetna and Brokers to intervene as defendants.[7]
 
 
 42
 Stradley's motion,[8] after reciting the events leading to the jury/deputy clerk colloquy, the jury verdict, and the entry of judgment on March 19, 1970, continues:
 
 
 43
 9. The jury never exonerated Frederick Cortez, Sr. from liability in this action.
 
 
 44
 10. The jury never in any way indicated that the finding of liability should relate only to Frederick Cortez, Jr.
 
 
 45
 11. The jury could not, as a matter of law, exonerate the defendant, Frederick Cortez, Sr., in his own right, from liability without expressly finding for him in the action. Further, exemplification of the fact that the jury really found against both defendants is the fact that they could not find against Frederick Cortez, Jr. even if they believed he alone was responsible, but would have to have found against Frederick Cortez, Jr., a minor, by Frederick Cortez, Sr., as father and natural guardian of the Estate of Frederick Cortez, Jr. This is so because Frederick Cortez, Sr. was named as a defendant both in his own right, and in a representative capacity of Frederick Cortez, Jr., a minor.
 
 
 46
 12. It is respectfully averred that it would be rank injustice not to amend the record to do exactly what the jury did and that is to find both defendants legally responsible to the plaintiff in the form of a judgment against them.
 
 
 47
 We believe that the jury/clerk colloquy, the verdict, and the entry of judgment set out in Stradley's motion, if anything, supports the defendant's position rather than Stradley's. We cannot at this late stage overturn what appears to be a verdict consistent with the evidence presented on plaintiff's mere allegation that the jury intended to do other than it did when it returned a verdict solely against Cortez, Jr. Stradley's claims that the jury never exonerated Senior and never indicated that its findings of liability should relate only to Junior are not borne out by the verdict, the judgment, or the record at trial.
 
 
 48
 We have reviewed the record of the 1970 trial and have found no evidence that, at the time of the accident, Cortez, Jr. was acting as the agent of or under the control of his father. While the defendants were not present or represented at trial, their answer, specifically denying agency, was still of record. It was incumbent upon plaintiff to offer some evidence to prove the alleged agency relationship. Under Pennsylvania law, the burden of proving agency or control in a "family car" accident case is on the plaintiff. Haskey v. Williams, 360 Pa. 78, 60 A.2d 32 (1948), Lambert v. Polen, 346 Pa. 352, 30 A.2d 115 (1943), see Murphy v. Wolverine Express, Inc., 155 Pa.Super. 125, 38 A.2d 511 (1944). Here, plaintiff failed to meet his burden. Under these circumstances, we do not believe that it is proper to afford the plaintiff an opportunity some four years after trial, to cure his original failure. This is particularly so when the evidence of agency, if available at all, was available although not adduced, at the time of the 1970 trial.
 
 
 49
 Our analysis of Stradley's motion and the trial record was undertaken not to determine the merits of plaintiff's claim but to ascertain his eligibility for Rule 60(b)(6) relief. If, however, we were to reach the merits of plaintiff's claim, we would nevertheless be obliged to reject his contentions on the ground that the record is completely devoid of evidence to support a jury verdict as against Cortez, Sr.
 
 
 50
 Having determined that Stradley has failed to establish both of the prerequisites (non-duplicative reasons and exceptional circumstances) for extraordinary relief under Rule 60(b)(6), we hold that the district court, tested by an abuse of discretion standard,[9] erred in granting a new trial as to Cortez, Sr.'s liability. Therefore, with respect to the district court's order of May 10, 1974, we will: affirm so much of that order as denied plaintiff's motion to amend the docket and to enter judgment against Cortez, Sr.; and, remand to the district court with the direction that so much of its order as granted a new trial be vacated. We make no direction with respect to that portion of the district court's order denying the motion to intervene. In light of our disposition of this appeal, the motion to intervene is now mooted. (See note 3 supra ). Thus, while in effect we affirm the district court's dismissal of the motion to intervene, we do so based on our analysis and disposition, not that of the district court. See PAAC v. Rizzo, 502 F.2d 306 (3d Cir. 1974), cert. denied, 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804 (1975).
 
 
 
 [1]
 Plaintiff's evidence consisted of testimony of the plaintiff who related the manner in which the accident occurred and who testified as to his injuries. Plaintiff's doctor testified and referred to plaintiff's hospital records. No evidence pertaining to agency or the liability of Senior appears anywhere in the record
 
 
 [2]
 Plaintiff never specified in his motion papers the Rule under which he was seeking relief from the district court. Nor did the district court in granting a new trial, indicate which Federal Rule of Civil Procedure empowered it to award such relief under the circumstances of this case. We believe that the district court's action must be judged under the standards of Rules 59 and 60
 
 
 [3]
 Aetna Casualty & Surety Company and Professional Insurance Brokers, Inc. sought to intervene in the district court. At the time of the accident, these companies allegedly provided liability insurance coverage on the car owned by Frederick Cortez, Sr. and driven by Frederick Cortez, Jr. They are the defendants in a separate action in the Eastern District of Pennsylvania at No. 71-49 instituted by plaintiff Stradley to recover the $150,000. judgment. (It was apparently in the course of this latter action that Stradley discovered the alleged "error" which gave rise to his motion to amend the docket in this action). The district court denied the companies' motion to intervene in this proceeding on the ground that, having refused plaintiff's request to amend the docket, the motion to intervene was moot. In light of our disposition of this case, we need not consider whether the district court erred in not allowing Aetna and Brokers to intervene. Whether or not intervention was moot in light of the district court's decision, it is clearly mooted by our disposition. We neither reach nor decide any fact question at issue in the pending action between Stradley and Aetna and Brokers at No. 71-49
 
 
 [4]
 During the course of this appeal, Stradley moved to dismiss on the ground that the district court's May 10, 1974 order was not appealable. In light of our holding that the new trial order is to be treated as final for purposes of appeal, we deny the plaintiff's separate motion to dismiss
 
 
 [5]
 The exception to the general rule that an order granting a new trial is not appealable applies to actions in excess of the district court's power under both Fed.R.Civ.P. 59 and 60. Hand v. United States, 441 F.2d 529, 530, n. 1. (5th Cir. 1971) (Rule 60), Rinieri v. News Syndicate Co., Inc., 385 F.2d 818, 821-22 (2d Cir. 1967), (Rule 60), see Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 543, n. 5 (2d Cir. 1963) (Rule 60). Wright & Miller, Federal Practice and Procedure: Civil § 2818 (Rule 59) & 2871 (Rule 60)
 
 
 [6]
 Fed.R.Civ.P. 6(b) provides that a district court " . . . may not extend the time for taking any action under rules . . . 59(b), (d) and (e), 60(b) . . . except to the extent and under the conditions stated in them."
 
 
 [7]
 The intervenors' motion was denied by the order of May 10, 1974. It appears from the record that intervenors' "Answer to (Plaintiff's) Motion to Amend Judgment" was submitted together with the motion to intervene. The district court docket, however, is silent with respect to the filing of intervenors' "Answer" and the exhibits attached thereto. We can infer that the "Answer" was never filed because the "Motion to Intervene" was denied. Accordingly we do not consider intervenors' "Answer" and attached exhibits on this appeal. We note with disapproval that the appellants, who sought intervention before the district court and who prepared the appendix on this appeal, included in that appendix their entire "Answer" and attached exhibits, consisting of almost 200 pages. No indication was given that these documents had not been filed in the district court and, hence, could not be considered by us
 
 
 [8]
 We would expect that a motion would normally be accompanied by an affidavit or otherwise reflect matters under oath. Cf. Thornton v. United States, 493 F.2d 164 (3d Cir. 1974). Here, however, we may take judicial notice of the matters asserted in plaintiff's motion (except, of course, conclusory allegations and argument) since they occurred in the course of proceedings before the district court. See Chudoff v. McGranery, 179 F.2d 869, 871 (3d Cir. 1950), cf. Landy v. Federal Deposit Insurance Corp., 486 F.2d 139, 150-51 (3d Cir. 1973), cert. denied 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974)
 
 
 [9]
 Estate of Murdock v. Commonwealth, 432 F.2d 867 (3d Cir. 1970), Giordano v. McCartney, 385 F.2d 154 (3d Cir. 1967)