**NATIONAL PASSENGER RAILROAD CORPORATION a/k/a Amtrak, Appellant,**

v.

**Robert J. MAYLIE, Jr.**

**No. 90–1101.**

United States Court of Appeals, Third Circuit.

Argued July 9, 1990.

Decided Aug. 28, 1990.

Rehearing and Rehearing In Banc Denied Sept. 26, 1990.

they do not justify a rehearing before the panel.

Richard L. Goerwitz (argued), Swartz, Campbell and Detweiler, Philadelphia, Pa., for appellant.

Joseph Smukler (argued), Meyer, Lasch, Hankin and Poul, Philadelphia, Pa., for appellee.

Before HIGGINBOTHAM, Chief Judge, and HUTCHINSON and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Chief Judge.

On May 11, 1981, appellee, Robert J. Maylie, brought an action against appellant, Amtrak, pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for injuries he sustained during the course of his employment. Following a jury trial, a judgment in favor of Amtrak was entered on March 15, 1982.

Maylie then moved for a new trial pursuant to Federal Rule of Civil Procedure 59 on several grounds, one of which was that the shop superintendent used coercive tactics to deter employees from testifying on Maylie's behalf. On February 8, 1983, the district court granted Maylie's motion for a new trial, finding that an atmosphere of intimidation did exist at the workplace which prevented Maylie from fully presenting his claim. However, upon reexamination, the court vacated its decision to grant a new trial and entered an order on May 17, 1983, to reinstate the original judgment. On May 27, 1983, appellee filed a timely motion for reconsideration, which was denied on June 8, 1983.

On June 7, 1984, Maylie filed a motion for relief from final judgment under Rule 60(b) and requested the grant of a new trial. On December 14, 1989, the district court granted the motion pursuant to Rule 60(b)(2) and ordered a new trial. Amtrak filed a motion for reconsideration on December 22, 1989 which was denied on January 17, 1990. Amtrak then filed this appeal on February 2, 1990.

Amtrak is now appealing the district court's grant of a new trial under Rule 60(b), claiming that the motion for relief from final judgment was not timely. Appellant challenges, *inter alia*, the district court's authority to grant a new trial. We find that we have jurisdiction to address only the narrow issue of whether the motion was timely filed within the one-year limitation of Rule 60(b).

## I

Amtrak takes issue with the grant of a new trial on the basis that the Rule 60(b)(2) motion was not timely and thus, the district court had no jurisdiction to grant this motion. In response, Maylie suggests that this court has no appellate jurisdiction because the order of the district court to grant a new trial is interlocutory and therefore nonappealable.

Rule 60(b)(2) states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... The motion shall be made within a reasonable time ... not more than one year after the judgment, order, or proceeding was entered or taken.

The general rule regarding the district court's grant of a new trial is that it is

interlocutory and thus, nonappealable. When an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and in most instances, is interlocutory and nonappealable. 6A Moore's Federal Practice § 60.30(3) (2d ed. 1983); 11 C. Wright and A. Miller, Federal Practice and Procedure § 2871 (1973). However, *Stradley v. Cortez,* 518 F.2d 488 (3d Cir.1975) and *Demeretz v. Daniels Motor Freight, Inc.,* 307 F.2d 469 (3d Cir.1962) describe a very limited exception to this rule. "When the trial court's power to grant a new trial is challenged, what would otherwise be an interlocutory order is treated as an appealable final order." *Stradley* 518 F.2d at 491; *see also Demeretz,* 307 F.2d at 471. These latter cases present the situation in which an order granting a new trial is treated as an appealable final order because the appellant challenges the power of the court to take that action irrespective of the merits of the order itself.[1]

■ This case fits within the narrow exception envisioned in *Stradley* and *Demeretz.* Amtrak challenges the district court's power to grant a new trial. Amtrak asserts that the grant of a new trial went beyond the district court's jurisdiction because it was not within the one year time period prescribed by Rule 60(b)(2). Thus,

this order should be treated as final for purposes of appeal because the new trial is challenged as beyond the district court's authority.[2]

■ At the present time the only issue that is final and immediately reviewable by this court is whether the grant of a new trial is beyond the district court's jurisdiction. *Demeretz,* 307 F.2d at 471; *see also Stradley,* 518 F.2d at 491. Therefore, we will only address the timeliness of the Rule 60(b) motion and we will not consider the question of whether the district court judge abused his discretion when he granted the motion for a new trial.

We find that the motion was timely because the correct date upon which the one-year time limitation for a Rule 60(b) motion began to run was when the motion for reconsideration was denied on June 8, 1983. *See Terrasi v. South Atlantic Lines, Inc.,* 226 F.2d 823 (2d Cir.1955) (holding that a timely motion for reconsideration extends the time an appeal could be taken and the time begins to run not from the date of the formal judgment but rather from the date of the denial of the motion); *Richerson v. Jones,* 572 F.2d 89 (3d Cir.1978) (holding that the timeliness of an appeal is to be measured from the date of the denial of the motion for reconsideration and not the date of the original judgment vacating the prior grant of a new trial and reinstating a verdict for the defendant.); *see also* 6A

1. Professor Moore has questioned whether there should be an interlocutory appeal when the issue is whether the court had the power to enter such an order. 6A Moore's Federal Practice § 60.30(3) (2d ed. 1983). However, we cannot decree that the doctrine is not tenable" as Professor Moore asserts. As a panel we are bound by the prior precedent in this circuit. *See* Internal Operating Procedures of the United States Court of Appeals for the Third Circuit, Chapter 9.1.

2. Long before the advent of the Federal Rules of Civil Procedure, the courts have understood this distinction between whether a trial court had the power to enter an order and whether, though conceding the court's power to issue such an order, its issuance of the order was an abuse of discretion from which there could be no immediate appeal. In *Phillips v. Negley,* 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886) the Supreme Court articulated that distinction as follows:

If, properly considered, the order in question was an order in the cause, which the court had power to make at the term when it was made, the consequence may be admitted, that no appellate tribunal has jurisdiction to question its propriety; for, *if it had power to make it,* and it was a power limited only by the discretion of the court making it, as in other cases of orders setting aside judgments at the same term at which they were rendered, and granting new trials, there would be nothing left for the jurisdiction of an appellate court to act upon. The vacating of a judgment and granting a new trial, in the exercise of an acknowledged jurisdiction leaves no judgment in force to be reviewed. If, on the other hand, the order made was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court (emphasis added).

Moore's Federal Practice § 59.13[1] (2d ed. 1983).

The judgment of May 17, 1983 did not become final until the motion for reconsideration was disposed of on June 8, 1983. Thus, this one-year time period for a Rule 60(b) motion began to run from the date upon which the motion was denied. The Rule 60(b) motion of June 7, 1984 was filed within the required one-year time period. Therefore, we find that the district court's grant of a new trial was timely.

■ Appellant raises other issues related to the merits of the grant of the new trial, arguing that appellee's evidence is not newly discovered and probably will not change the outcome of the original verdict. These latter matters go beyond the question as to whether the court had the power to grant a new trial and instead, pertain to whether the court abused its discretion in granting a new trial. Such issues are interlocutory and can be reached only after the trial has been concluded and a final judgment has been entered. At that time an appeal may be filed which raises the issue of whether the district court abused its discretion when it granted a new trial. At this stage we are neither affirming nor reversing the order of December 14, 1989, entered by the trial court and this matter is remanded for further proceedings not inconsistent with this opinion.