69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
In re CATFISH GALLEY, INC., Debtor.
CATFISH GALLEY, INC., Appellant,
v.
INTERNAL REVENUE SERVICE, Appellee.
Charles Tucker, Trustee.
 No. 95-1325.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 21, 1995.
Filed Oct. 27, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Catfish Galley, Incorporated (Catfish), a Chapter 11 debtor, appeals from the district court's[1] affirmance of the bankruptcy court's[2] order granting the Internal Revenue Service's (IRS) motion for a new trial and relief from judgment. We affirm the district court's conclusion that the bankruptcy court had jurisdiction to order a new trial in this case. Because this Court lacks jurisdiction to consider the merits of a new trial order, we do not address whether the district court erred in affirming the bankruptcy court's order of a new trial.
 
 
 2
 Catfish filed a Chapter 11 proceeding in the bankruptcy court for the Eastern District of Arkansas. On January 4, 1994, the bankruptcy court entered an order confirming Catfish's plan of reorganization. The IRS, one of Catfish's creditors, then moved pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 (incorporating Federal Rules of Civil Procedure 59 and 60) for a new trial and relief from the bankruptcy court's order, arguing that it had not received proper notice of the confirmation hearing. The IRS argued that Catfish had sent notice to an incorrect address, although the IRS had provided Catfish with its correct address, and that the IRS did not learn of the confirmation hearing until ten days after the deadline for filing objections to Catfish's reorganization plan. The bankruptcy court granted the IRS's motion, and the district court affirmed the bankruptcy court's order.
 
 
 3
 On appeal, Catfish argues that a confirmed Chapter 11 reorganization plan may be set aside solely by revocation, allowable under 11 U.S.C. Sec. 1144 "if and only if" the order of confirmation was procured by fraud--which the IRS did not allege. Catfish also raises an estoppel argument. The IRS argues that this Court lacks jurisdiction to consider this issue, because an order granting a new trial is not a final order, and urges affirmance if jurisdiction exists.
 
 
 4
 Under 28 U.S.C. Sec. 158(d), this Court has jurisdiction to review only final orders from bankruptcy courts. Although "[a]n order granting a new trial is interlocutory in nature and therefore not immediately appealable," Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980) (per curiam), this Court may hear an immediate appeal of a new trial order "in the narrow circumstances in which such orders are entered without authority." Central Microfilm Serv. v. Basic/Four Corp., 688 F.2d 1206, 1211 (8th Cir.1982), cert. denied, 459 U.S. 1204 (1983); see also National Passenger R.R. Corp. v. Maylie, 910 F.2d 1181, 1183 (3d Cir.1990) (where "the trial court's power to grant a new trial is challenged, what would otherwise be an interlocutory order is treated as an appealable final order") (quotations omitted). Catfish's challenge of the authority of the bankruptcy court to order a new trial absent a finding of fraud is thus properly before us.
 
 
 5
 In In re Miller, 16 F.3d 240 (8th Cir.1994), this Court held that a bankruptcy court could order a new trial under Rule 9023 after plan confirmation where a Chapter 12 debtor failed to give proper notice to a creditor. Id. at 244-45. This Court declined to hold that 11 U.S.C. Sec. 1230(a), which provides for revocation of confirmation orders in Chapter 12 cases "if such order was procured by fraud," is the sole means by which a confirmation order may be set aside. Catfish attempts to distinguish the current Chapter 11 case because 11 U.S.C. Sec. 1144, which provides for revocation of confirmation orders in Chapter 11 cases and is virtually identical to Sec. 1230(a), includes the phrase, "if and only if such order was procured by fraud."
 
 
 6
 Catfish's effort to distinguish Miller from this case is unconvincing. In Miller, this Court noted that "Section 105(a) of the Bankruptcy Code provides bankruptcy courts with broad general powers to grant such relief as is necessary to effectuate the provisions of the Bankruptcy Code." 16 F.3d at 244 (quotations omitted). Catfish presents no reason why a bankruptcy judge presiding over a Chapter 11, rather than a Chapter 12, proceeding should have those broad powers curtailed. We hold that Sec. 1144 revocation is not the sole means of setting aside a confirmation order, and that a bankruptcy court may properly order, even after plan confirmation, a new trial under Rule 9023. We make no judgment regarding the merits of the new trial order in this case. See Allied Chem. Corp., 449 U.S. at 34.
 
 
 
 [1]
 The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas