

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2003

# State Farm Mutl Auto v. Red Lion Med Ctr Inc

Precedential or Non-Precedential: Non-Precedential

Docket 02-1039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"State Farm Mutl Auto v. Red Lion Med Ctr Inc" (2003). *2003 Decisions.* Paper 832.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/832

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-1039, 02-1097 and 02-1272

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.;
STATE FARM FIRE AND CASUALTY COMPANY

v.

RED LION MEDICAL CENTER, INC. d/b/a PRO-CARE MEDICAL
AND REHABILITATION CENTER; GREGORY LUCHIN; MICHAEL GLIOT;
YAKOV RABINOVICH, M.D., P.C. d/b/a PRO-CARE MEDICAL AND
REHABILITATION CENTER; IRENE RABINOVICH; RICHARD SCHLESSEL,
M.D.; JOSEPH SHNAYDERMAN; MARINA KATS, Esquire;
G.D.L. MANAGEMENT, INC.

Marina Kats,
    Appellant in No. 02-1039

Michael Gliot,
    Appellant in No. 02-1097

Richard Schlessel, M.D.,
    Appellant in No. 02-1272

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 95-cv-02542)
District Court Judge:  Honorable Carol Sandra Moore Wells, Magistrate

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2003

Before:  SLOVITER and RENDELL, <u>Circuit</u> <u>Judges,</u>

and DEBEVOISE, District Judge*

(Filed January 29, 2003)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Appellants (collectively referred to as "Red Lion") seek review of orders of the

Magistrate Judge granting the motions of Appellees (collectively referred to as "State

Farm") for relief under Federal Rule of Civil Procedure 60(b) and for leave to file a second

amended complaint.

Normally, a court of appeals only has jurisdiction over appeals of "final orders." 28

U.S.C. § 1291. The Magistrate's order under Rule 60(b) was not a final order, but rather,

was an interlocutory one. See Parks v. Collins, 761 F.2d 1101, 1104 (5th Cir. 1986) (Fed.

R. Civ. P. 60(b)). As in this case, "[w]hen an order granting Rule 60(b) motion merely

vacates the judgment and leaves the case pending for further determination, the order is

akin to an order granting a new trial and in most instances, is interlocutory and

nonappealable." National Passenger Railroad Corp. v. Maylie, 910 F.2d 1181, 1183 (3d

Cir. 1990) (citations omitted). Likewise, the Magistrate's order granting

_____

*The Honorable Dickinson R. Debevoise, Senior Judge, United States District Court for
the District of New Jersey, sitting by designation.

State Farm leave to file a second amended complaint was interlocutory. Michelson v.

2

CitiCorp Nat'l Servs., Inc., 138 F.3d 508, 512 (3d Cir. 1998).

A party may appeal non-final – or, "interlocutory" orders – under certain circumstances. Most of these circumstances are outlined in 28 U.S.C. § 1292. Here, none of these circumstances apply. Red Lion, nevertheless, argues that the Magistrate Judge's order is appealable for two reasons: (1) the order was not in her power to make – i.e., it was ultra vires – and (2) the District Court has failed to review its objections to the Magistrate Judge's order. We find these arguments unavailing. Even if it were true that the Magistrate Judge's actions were ultra vires and that the District Court was derelict, we do not see – and appellants have failed show – how our jurisdiction is triggered. The District Court clearly has retained jurisdiction over the matter, which has not yet come to a conclusion. When the Court has finally disposed of the matter, Red Lion may appeal and raise the arguments it has presented to us.

Accordingly, we will dismiss the appeals for lack of jurisdiction.

———————————————

TO THE CLERK OF COURT:

        Please file the foregoing not precedential opinion.


                                  /s/ Marjorie O. Rendell
                                  Circuit Judge

Dated:  January 29, 2003