NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3565
_____

SECRETARY OF LABOR,
Petitioner

v.

RICHARD KAPOSY, d/b/a Treeman Landscaping,
Respondent
_____

On Petition for Review of a Final Order of the
Occupational Safety and Health Review Commission
OSHC-1 No. 10-2333

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2015

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges*

(Filed: July 20, 2015)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

Petitioner, the Secretary of Labor, seeks review of the decision and order of the

Administrative Law Judge ("ALJ") that granted Respondent Richard Kaposy relief from

judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Because the ALJ

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

exceeded his authority, we will grant the petition and remand to the ALJ to consider Rule 60(b)(6) and whether Kaposy's case presents extraordinary circumstances.

## I.

Because we write primarily for the benefit of the parties, we briefly summarize the procedural posture of this case. While pruning a tree, Kaposy's employee (and cousin) was electrocuted to death when a tree limb came into contact with a power line. Following this incident, the Occupational Safety and Health Administration ("OSHA") issued Kaposy a Citation and Notification of Penalty alleging two willful and five serious violations of standards under the Occupational Safety and Health Act of 1970 ("OSH Act"), 29 U.S.C. §§ 651–78.

On February 8, 2011, after a mandatory settlement conference in the administrative action, Kaposy, proceeding *pro se*, filed a withdrawal of notice of contest letter, effectively abandoning his previous opposition to the citation. Nineteen months later, on September 13, 2012, Kaposy sent a letter to the Occupational Safety and Health Review Commission ("Commission") requesting the case be reopened. Kaposy sent both communications without the aid of counsel. The Commission treated Kaposy's letter as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), which permits vacating a judgment for "any other reason that justifies relief," other than those reasons enumerated in Rule 60(b)(1)–(5). Accordingly, the Commission remanded the matter to the ALJ to determine whether Kaposy was entitled to such relief. The Commission explicitly stated that Rule 60(b)(1)–(5) could not form the basis for relief.

On May 6, 2014, the ALJ held that Kaposy was entitled to relief under

2

Rule 60(b)(6) based on "mistake," specifically that Kaposy was "mistaken as to the ultimate consequences" of the withdrawal of the notice of contest letter. The ALJ recommended the case proceed to a hearing de novo before a different ALJ. The Secretary petitioned for review of the ALJ's decision by the full Commission. The Commission did not grant review and the Secretary's petition was deemed denied on June 13, 2014.

## II.

The Commission had jurisdiction over this proceeding under 29 U.S.C. § 659(c). After the Commission declined to review the decision of the ALJ, the ALJ's decision became final. 29 C.F.R. § 2200.73(b). The Secretary filed his petition for review within the sixty-day period prescribed by the OSH Act. 29 U.S.C. § 660(b). The ALJ's Rule 60(b)(6) order "is treated as an appealable final order because the [Secretary] challenges the power of the [ALJ] to take that action irrespective of the merits of the order itself." *Nat'l Passenger R.R. Corp. v. Maylie*, 910 F.2d 1181, 1183 (3d Cir. 1990); *see also Demeretz v. Daniels Motor Freight, Inc.*, 307 F.2d 469, 472 (3d Cir. 1962). "We review grants or denials of relief under Rule 60(b), aside from those raised under Rule 60(b)(4), under an abuse of discretion standard." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008) (footnote omitted).

## III.

The ALJ's analysis conflated Rule 60(b)(1), which provides relief from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), with Rule 60(b)(6), which is "'available only in cases

3

evidencing extraordinary circumstances,'" *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975)); Fed. R. Civ. P. 60(b)(6). A decision to exercise discretion under Rule 60(b)(6) is guided by various equitable factors, including

> "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; ... [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack."

*Lasky*, 804 F.2d at 256 (quoting 6 James Wm. Moore, et al., Moore's Federal Practice ¶ 60.9 (2d ed. 1985)) (alterations in original). Rule 60(b) thus provides "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom. Wetzel v. Cox*, 135 S. Ct. 1548 (2015). As made patent in *Coltec Industries, Inc. v. Hobgood*, a movant's particular situation in the context of a Rule 60(b)(6) motion is vitally important. 280 F.3d 262, 274–75 (3d Cir. 2002).

In this case, the Commission remanded to the ALJ solely to evaluate relief under Rule 60(b)(6). By citing considerations relevant to Rule 60(b)(1) ("mistake"), the ALJ went beyond its authority in granting Kaposy a new hearing. Our review is limited to examining the "power of the [ALJ] below to issue its order granting a new [hearing]." *Demeretz*, 307 F.2d at 472; *see also Maylie*, 910 F.2d at 1183 (evaluating the district court's authority and concluding that its grant of a new trial was timely under Rule

4

60(b)); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 718 (3d Cir. 2010) (reasoning that because the "district court clearly had the authority" to enter a conditional remittitur, the Court would not review the contested merits of the district court's order). We are without authority to review anything beyond whether the ALJ exceeded its power to take the action he did, "irrespective of the merits of the order itself." *See Maylie*, 910 F.2d at 1183. Accordingly, the ALJ on remand should consider the Rule 60(b)(6) equitable factors described above and whether Kaposy is entitled to a new hearing.

IV.

We will grant the Secretary's petition and remand to the ALJ to consider whether Kaposy is entitled to a new hearing pursuant to Rule 60(b)(6).