**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1711
_____

MICHAEL DUKES,
                                                Appellant

v.

E.M.S.A. HSA STEPHANIE WOOD;
MEDICAL PROVIDER RACHEL MEDLOCK

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00857)
Magistrate Judge:  Honorable Patricia L. Dodge

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 7, 2023

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: September 12, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Michael Dukes, proceeding pro se, appeals from the District Court's denial of his motion for reconsideration. For the reasons that follow, we will affirm the judgment of the District Court.

Dukes, an inmate in state prison, filed a complaint in 2021 against a prison healthcare administrator and provider. The District Court dismissed Dukes' complaint with prejudice as barred by res judicata in February 2022.[1] Dkt. No. 31. In March 2023, Dukes filed a motion for relief from judgment pursuant to Rule 60(b)(3). Dkt. Nos. 53 & 54. The District Court denied the motion, and Dukes filed a timely motion for reconsideration. Dkt. Nos. 55 & 56. The District Court denied that motion, and Dukes filed this timely appeal. Dkt. Nos. 58 & 59.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2] We review the District Court's denial of Dukes' motion for reconsideration for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

To prevail on a Rule 60(b)(3) motion, Dukes was required to establish, by clear and convincing evidence, see Brown v. Pa. R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960), "that the [defendants] engaged in fraud or other misconduct, and that this misconduct prevented [him] from fully and fairly presenting his case," Stridiron v. Stridiron, 698

---

[1] We affirmed on appeal. Dukes v. Wood, et al., No. 22-1669, 2023 WL 314300 (3d Cir. Jan. 19, 2023).

[2] The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c)(1).

F.2d 204, 207 (3d Cir. 1983). As he contended in his Rule 60(b) motion, Dukes asserts on appeal that he is entitled to relief because defendants made false statements about his physician's medical opinion in 2019, which they prevented him from learning about and refuting until after his appeal from the District Court's dismissal. C.A. Dkt. No. 11 at 17; Dkt. No. 53 at 2 & 4; Dkt. No. 57 at 3. Because of the defendants' fraud, Dukes argues, his state court case was not a "full and fair opportunity" to assert his rights, so res judicata did not bar his federal suit. C.A. Dkt. No. 11 at 17. Dukes also argues that, although his Rule 60(b)(3) motion was filed beyond the rule's one-year limit, he alleged "extraordinary circumstances" entitling him to equitable tolling under Rule 60(b)(6). Id. at 14-18.

We discern no abuse of discretion by the District Court. As the District Court correctly explained, Dukes' Rule 60(b)(3) motion, filed more than a year after the District Court entered its judgment, was untimely. See Fed. R. Civ. P. 60(c)(1). Dukes has not alleged any "extraordinary circumstances" justifying relief under Rule 60(b)(6), see Budget Blinds, 536 F.3d at 255, and he may not use this rule to circumvent the one-year limitation on Rule 60(b)(1)-(3), see Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

Even if Dukes' Rule 60(b)(3) motion were timely, his allegations of fraud do not satisfy the requirements for relief under this rule. As the District Court explained, regardless of the veracity of defendants' statements, they were not withheld from Dukes, and there is no indication that he was unable to argue about them in state court. Dukes learned of the statements, which appeared in the denial of Dukes' administrative

3

grievance, in late 2019. Dkt. No. 1-14. He appealed from that decision, and it was affirmed in March 2020. Dkt. No. 1-15. Dukes filed suit in state court in April 2020, and the Commonwealth Court of Pennsylvania extensively addressed his medical care in its opinion. See Dukes v. Pa. Dep't of Corr., No. 281 MD 2020, 2021 WL 608918, at *2-5 (Pa. Commw. Ct. Feb. 17, 2021). In his federal suit, Dukes identified the same statements, arguing that defendants misrepresented his physician's opinion. Dkt. No. 1 at 12-13. The affidavit from his physician that Dukes offered in support of his Rule 60(b)(3) motion does not demonstrate that Dukes was prevented from fully litigating his case in state court. See Dkt. No. 57-1.

We will affirm the District Court's judgment.