**CATASAUQUA AREA
SCHOOL DISTRICT**

v.

**EAGLE–PICHER INDUSTRIES,
INC., et al.**

Civ. A. No. 85–3743.

United States District Court,
E.D. Pennsylvania.

Jan. 19, 1988.

Norman Perlberger, Philadelphia, Pa., for Catasauqua Area School Dist.

Arthur D. Bromberg, Short Hills, N.J., for Basic, Inc.

Richard McMillan, Washington, D.C., for Eagle–Picher Industries, Inc.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff, Catasauqua Area School District ("Catasauqua"), brought this action on January 27, 1985, seeking recovery from various defendants for damages incurred due to the presence of asbestos containing products within plaintiff's school buildings. Plaintiff alleges that the defendants manufactured these products. Other defendants were added through consolidation with a subsequently filed action by order dated March 27, 1985. Judgment has been entered, by previous orders, in favor of most of the approximately twenty-five defendants. Basic, Inc. and Eagle–Picher Industries are the only defendants presently remaining in this action. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief for future medical monitoring expenses for its employees. Presently pending before the court is a motion for relief from judgment pursuant to Fed.R. Civ.P. 60(b)(2) and to reopen discovery filed by plaintiff Catasauqua. On December 21, 1987, the court denied this motion for the reasons stated below.

## I. PROCEDURAL BACKGROUND

Plaintiff Catasauqua first found asbestos in some of its schools in 1979. As stated above, plaintiff filed this asbestos case on June 27, 1985 against a host of defendants alleging that the defendants manufactured various asbestos containing products used in the construction of the plaintiff's schools. At that time, plaintiff believed that it had identified all asbestos containing products present in the Lincoln Middle School and was in the process of identifying and removing asbestos containing materials in the Catasauqua Area High School. Plaintiff also believed that the Scheckler Elementary School contained no asbestos materials. (Plaintiff's motion for relief from judgment at para. 2).

In a conference held on March 17, 1986, the court approved a scheduling order directing the plaintiff to identify by April 17, 1986 the asbestos containing products in its school buildings by brand-name and manufacturer.[1] On June 18, 1986, the court granted an uncontested summary judgment motion in favor of defendant W.R. Grace & Co., Inc. ("W.R. Grace") because plaintiff failed to produce identification evidence showing that W.R. Grace's products were located in its schools. On August 6, 1986, the court held a status conference on the record at which the court granted the summary judgment motions of a number of defendants, including Celotex Corporation ("Celotex") and GAF Corporation ("GAF"). These unopposed motions were based on the plaintiff's failure to identify any products in its buildings manufactured by these defendants. Plaintiff's counsel stated at the status conference that

> [w]e've identified asbestos containing cement, because of renovations and removal of asbestos that has been going on in the school system, it's not our obligation to strip apart the school buildings themselves where there is a possibility of that asbestos existing. And that asbestos could have been manufactured by some of the remaining defendants who manufacture insulation products....

> [W]e're doing the renovations, we've identified the products, we've stripped down as much as we can the asbestos containing products in that school ... but we don't think that we're under an obligation to look for asbestos cement under the ceilings, where we found some of the Eagle-picher cement.

(August 6, 1986 status conference transcript at 4–5, attached as exhibit A to plaintiff's amended motion for relief from judgment).

Defense counsel explained further

> we have taken pains to identify two separate products in the school district ... those products are the only products we have ... been able to identify ... after doing ... testing ... in the areas ... where renovation is occurring.... The concern we have is that there may be areas hidden behind walls ... where there is asbestos containing cement. If those areas are discovered in six months because of repairs or renovations that are required at the time ... and that cement purports to be ... Celotex cement or whatever ... and we have agreed not to oppose summary judgment completely of those defendants, we'll be out against these defendants as well.

*Id.* 11.

After giving defense counsel an opportunity to respond to the summary judgment motions in writing which counsel declined, the court granted the summary judgment motions stating

> it appears to me either you have identified [defendant] manufacturers of asbestos containing products or you have not. If the Complaint was filed over a year ago, a deadline was set of April 17 of this year to identify these manufacturers. Summary judgment motions have been filed and you have not responded to them.... If you do find a product at some point and I think that's pure speculation and conjecture, you can file whatever motion is appropriate at the time,

---

1. The April 17, 1986 deadline was issued in writing on June 6, 1986 as part of a five page case management scheduling order.

but it seems to me that these defendants who filed these motions are entitled to be out with prejudice....

*Id.* at 12.

In late April of 1987, asbestos containing pipe lagging and fireproofing were found at the Scheckler Elementary School and the Lincoln Middle School. On July 2, 1987, plaintiff's counsel became aware of these asbestos products and informed defendants and the court by letter that plaintiff would seek to reopen judgment. (Plaintiff's amended motion for relief from judgment para. 8). On August 13, 1987, the plaintiff filed a motion pursuant to Fed.R.Civ.P. 60(b)(2) to reopen judgments entered in favor of seven defendants and to reopen discovery. This motion stated that new asbestos containing products had been found, but did not state what these products were or specifically identify the manufacturers of these products.

On September 16, 1987, the plaintiff filed an amended motion for relief from judgment. Plaintiff asks that the court reinstate its complaint against GAF, W.R. Grace, and Celotex, all of whom had been granted summary judgment because of plaintiff's failure to produce identification evidence. This motion names fireproofing spray and pipe lagging as the newly discovered asbestos products. (Plaintiff's amended motion at para. 7). In this motion, the plaintiff states that "plaintiff believes these products to have been manufactured by defendants dismissed from this lawsuit as listed above." *Id.* at 9. In support of this allegation, plaintiff appended to its motion two sheets of paper on which it's expert Arthur Rohl stated that "[t]he sample [of the pipelagging] is consistent with the products of Fibreboard, Carey–Celotex, and GAF–Ruberoid" and "the sample [of the fireproofing spray] is consistent with a product of WR Grace called Monokote WK–3." (Plaintiff's amended motion for relief from judgment, Exhibit C).

## II.  W.R.  GRACE

In support of its motion for relief from judgment, plaintiff argues that the newly found asbestos products are newly discovered evidence under Fed.R.Civ.P. 60(b). This rule states that

the court may relieve a party ... from a final judgment, or order ... for the following reasons ... 2) newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) ... or, (6) any other reason justifying relief from the operation of judgment.

Relief under Rule 60(b) can be granted only under extraordinary circumstances. *Plisco v. Union Railroad,* 379 F.2d 15, 16 (3rd Cir.1967), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967). Any motion brought under subsection (b)(2) must be brought "within a reasonable time ... not more than one year after the judgment was entered or taken." This one year limitation is mandatory, and cannot be enlarged by the court. *Hancock Industries v. Schaeffer,* 811 F.2d 225, 239 (3rd Cir. 1987). Plaintiff's motion for relief from the summary judgment entered in W.R. Grace's favor is untimely under subsection 60(b)(2). The court granted summary judgment in W.R. Grace's favor on June 18, 1986. The one year period with respect to W.R. Grace ran on June 18, 1987. Plaintiff filed its original motion for relief from judgment on August 13, 1987. Therefore, plaintiff's motion against W.R. Grace is untimely under this subsection.[2]

Nor can the plaintiff rely on subsection 60(b)(6), which allows judgment to be opened for "any reasons justifying relief" if the motion is brought within a "reasonable time."[3] Rule 60(b)(6) cannot be used to evade the one year time limitation of 60(b)(2). *Stradley v. Cortez,* 518 F.2d 488,

---

**2.** Plaintiff cannot justify its motion with statements made by the court at the August 6, 1986 status conference because that conference occurred after the court granted defendant W.R. Grace's motion for summary judgment.

**3.** Plaintiff does not rely on subsection (b)(6) in its motion, but discusses this subsection in its memorandum supporting the motion for relief. (Plaintiff's memorandum in support of its amended motion for relief from judgment at 3, as numbered by the court).

493–94 (3rd Cir.1975). As stated by the third circuit in *Stradley*,

> plaintiff can use Rule 60(b)(6) as a means of avoiding the time bars of ... 60(b)(1–3) only upon a showing that (1) the reason for the relief sought under 60(b)(6) is not embraced within the various provisions of 60(b)(1–5); and (2) exceptional circumstances exist which warrant the granting of relief.

*Id.* at 494. Plaintiff fails to satisfy the first condition because its only reason for relief, newly discovered evidence, is encompassed by 60(b)(2).[4]

Therefore, plaintiff's motion for relief of judgment entered in W.R. Grace's favor is denied because the motion is time barred under Rule 60(b)(2) and does not encompass a ground other than one listed in 60(b)(1–5).

### III. CELOTEX AND GAF

■ Plaintiff also seeks relief from the summary judgments entered in favor of GAF and Celotex. The court denied plaintiff's motion with respect to these defendants because plaintiff failed to act diligently to discover the "new evidence" and the evidence presented by plaintiff is far too speculative to support a motion for relief from judgment.

The phrase "newly discovered evidence" refers to evidence of facts in existence at the time of judgment of which the "aggrieved party was excusably ignorant." *Brown v. Pennsylvania Railroad Co.*, 282 F.2d 522, 526 (3rd Cir.1960), *cert. denied*, 365 U.S. 818, 81 S.Ct. 690, 5 L.Ed.2d 696 (1961). Failure to discover the new evidence before the entry of judgment must not have been caused by the lack of diligence. *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3rd Cir.1983). The requirement of due diligence mandates a showing by the moving party that the so-called newly discovered evidence could not have been previously discovered by the exercise of reason-

able diligence. *Plisco v. Union Railroad Co.*, 379 F.2d at 17 (3rd Cir.1967).

Plaintiff's failure to discover the new asbestos products in its schools until after judgment was entered in favor of GAF and Celotex was due to a lack of diligence on the plaintiff's part. Plaintiff discovered that some of its buildings contained asbestos in June of 1979. It filed this suit six years later in June of 1985. This court ordered the plaintiff to identify the manufacturers of asbestos in its school buildings by April 17, 1986. Yet, on August 6, 1986, at the status conference of record at which GAF's and Celotex's summary judgment motions were granted, plaintiff's counsel still could not identify GAF and Celotex as manufacturers of asbestos products found in its buildings.

Plaintiff has had eight years from the time it first learned of asbestos in its buildings, and two years from the time it filed suit to identify the manufacturers of the asbestos products in its schools. Plaintiff should not be permitted to conduct a series of incomplete inspections and then claim newly discovered evidence each time it discovers new asbestos products in its schools. Plaintiff chose to bring this action and chose not to test its schools for asbestos in a timely manner; instead, plaintiff waited to test the areas as they were renovated. (*See* plaintiff's amended motion for relief from judgment, Exhibit A at 4–5, 12). It would be unfair to defendants who have been dismissed from the action to allow the plaintiff to open judgments each time the plaintiff discovers "new evidence."[5]

■ Nor has the plaintiff adequately explained its lack of diligence. Plaintiff's argument that it had no duty to inspect the school buildings, made by plaintiff's counsel at the pretrial conference held on August 6, 1986, is without merit. First, plaintiff was ordered to identify the manufacturers of asbestos products found in its schools by April 17, 1986. Second, applica-

---

4. Similarly, plaintiff cannot justify its motion to open the judgments filed in favor of Celotex or GAF by relying on Rule 60(b)(6). *See infra* at p. 570.

5. It also appears that GAF and Celotex would be prejudiced if the court opens judgment. Both defendants were dismissed from this case over one year ago and extensive discovery has occurred since their dismissal.

ble federal regulations required the plaintiff to inspect its schools for friable asbestos containing materials and to complete its inspections no later than May 27, 1987. Friable Asbestos–Containing Materials in Schools, 40 C.F.R. sections 763.105, 763.-115. Third, and most important, plaintiff brought this lawsuit alleging that these defendants manufactured asbestos products used in its buildings. Plaintiff made a decision not to inspect its buildings for asbestos after filing suit against the alleged manufacturers of those products knowing that there was a possibility that further asbestos would be found in the buildings. As stated by plaintiff's counsel at the August 6, 1987 status conference, "it's not our obligation to strip apart the school buildings themselves where there is a possibility of that asbestos existing...." It would be unfair to make the defendants pay for that decision by allowing the plaintiff to bring these defendants back into this action. Plaintiff cannot now claim that it had no duty to discover whether the defendants' asbestos products are in its schools. Such a contention is tantamount plaintiff arguing that it had no duty to proceed with discovery and prosecute its case.

◼ Plaintiff contends that neither state nor federal authorities have identified any further asbestos products in plaintiff's schools until recently. (Plaintiff's amended motion for relief from judgment para. 3). However, plaintiff cannot justify its own failure to discover the asbestos products in its schools in a timely fashion by relying on the actions of others. That the government did not find these asbestos products until recently does not explain why plaintiff did not find the newly discovered asbestos containing materials during the eight years since it first became aware of the presence of asbestos in its schools, during the two years this action has been pending, or during the year since this court granted the defendants' motions for summary judgment. The plaintiff can not explain its failure to diligently discover asbestos con-

taining products by shifting its obligation to do so to the State or Federal government.

◼ Further, plaintiff's evidence does not rise to the level of specificity needed to grant a motion for relief from the summary judgments. The court granted the defendants' motions for summary judgment because the plaintiff failed to present evidence that GAF and Celotex had manufactured any asbestos containing products used in the construction or renovation of the school buildings. The only evidence presented by the plaintiff in support of its allegation that GAF and Celotex manufactured the "newly found" asbestos products is a one line report that states "[t]he sample is consistent with products of Fibreboard, Celotex, and GAF." (Plaintiff's amended motion for relief from judgment, exhibit C). This report merely suggests that the newly discovered asbestos products are "consistent with" products manufactured by three different companies. This evidence, like that presented by the plaintiff prior to the summary judgment motions,[6] is too speculative to warrant opening judgment. Plaintiff's evidence does not identify the manufacturers or brand names of the "newly discovered" asbestos products and plaintiff has yet to clearly identify Celotex and GAF as manufacturers of these products.

◼ Moreover, plaintiff's expert's unsupported conjecture that "the sample is consistent with the products" of defendants would not be sufficient to satisfy Rule 56 and defeat a motion for summary judgment. Nor is plaintiff's "belie[f that] these products [were] ... manufactured by defendants" sufficient to survive a motion for summary judgment. This evidence does not establish that the defendants' products are or were in the plaintiff's school buildings. Rule 56 requires that specific facts, not opinions or conclusions, be set forth. *Maldonado v. Ramirez*, 757 F.2d 48, 51

---

6. Plaintiff's product identification evidence linking these defendants to the school district consisted of architechtural specifications that listed

the defendants' products as approved for installation into the plaintiff's school buildings.

(3rd Cir.1985). As stated by the United States Supreme Court,

> [t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact" since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because plaintiff has provided no evidence that the defendants' products were installed in the plaintiff's schools, a crucial element of plaintiff's case, a summary judgment motion filed at this time would be granted. A motion to open an order granting summary judgment should not be granted when the evidence presented to the court in support of the motion for relief from the judgment would not defeat the summary judgment motion, itself.

### IV. CONCLUSION

Plaintiff's motion against W.R. Grace is denied because it was not filed in a timely manner pursuant to Rule 60(b)(2) and because plaintiff has not alleged pursuant to Rule 60(b)(6) any reason for relief from judgment other than newly discovered evidence. Further, plaintiff's motion as to GAF and Celotex is denied because the plaintiff failed to act diligently in finding the "newly discovered evidence" and this evidence is insufficient to show that the defendants' asbestos containing products were installed in the plaintiff's schools.