Saad **RADWAN**

v.

**CARTERET BOARD OF EDUCATION;** Borough of Carteret; Carteret Education Association, Carteret Board of Education, Appellant

No. 01–2596.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 5, 2002.

Decided Jan. 24, 2003.

Before: BECKER, Chief Judge, McKEE and HILL,* Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

The Carteret Board of Education (the "Board") appeals the district court's grant of a new trial to Saad Radwan following a jury verdict that was partially in Radwan's favor on various claims of discrimination. For the reasons that follow, we will reverse the district court's order for a new trial.

Since we write only for the parties and the district court we need not detail the factual or procedural history of this appeal. However, it is helpful to briefly state the procedural context of the Board's appeal in order to explain our decision to reverse the district court's order.

### I.

After filing claims of discrimination with the New Jersey Division on Civil Rights, Radwan filed the instant complaint against

* Honorable James C. Hill, Senior Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

the Board in the District Court of New Jersey alleging illegal discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, the New Jersey Law Against Discrimination, N.J.S.A. 10:5–1 *et. seq.* ("NJLAD"); and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.;* as well as illegal discrimination on the basis of workers' compensation claims in violation of N.J.S.A. 34:15–39.1.

On April 2, 2001, the jury returned a verdict that was partially in Radwan's favor. However, the jury ruled in favor of the Board on Radwan's claim for punitive damages under the NJLAD. The jury also decided that Radwan had proven punitive damages under Title VII by a preponderance of the evidence, and awarded him $175,000 in punitive damages on that claim. For reasons that are not apparent on this record, the district court never entered judgment on that verdict.

Thereafter, on April 3, 2001, the Board submitted a proposed form of judgment to the district court molding the damage award to zero dollars based upon the Board's claim that Title VII did not allow punitive damages against a government agency or political subdivision. *See* 42 U.S.C. § 1981a(b)(1). On April 12, 2001, the Board filed a motion for judgment notwithstanding the verdict ("judgment n.o.v.") asking the court to set aside Radwan's punitive damage award.[1] On May 21, 2001, the district court denied the Board's motion for judgment n.o.v., and ordered a new trial. The court also set aside Radwan's punitive damage award as it was based on an erroneous charge of law regarding the restriction on Title VII and punitive damage awards against govern-

ment agencies or political subdivisions. The Board now appeals that order.

## II.

■ "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). 28 U.S.C. § 1291 provides circuit courts of appeals with jurisdiction "of appeals from all final decisions of the district courts of the United States" and with jurisdiction of appeals from a discrete class of interlocutory decisions not relevant to this appeal.

The district court here ordered a new trial *sua sponte* pursuant to Federal Rule of Civil Procedure 59(d). That Rule provides:

> No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

F.R.C.P. 59(d)(2002).

However, an order granting a new trial is interlocutory, and is thus not an appealable final order within the meaning of § 1291. *See Stradley v. Cortez,* 518 F.2d 488, 491 (3d Cir.1975); and *Blancha v. Raymark Ind.,* 972 F.2d 507, 511–12 (3d Cir.1992)(stating that an order granting new trial is purely interlocutory and there-

---

**1.** The court had not responded to the Board's request that the court mold the judgment to     zero dollars.

fore not an appealable final order under Section 1291). Such an order only becomes reviewable following entry of a final order at the conclusion of the ensuing retrial. *Blancha,* 972 F.2d at 512. At that point, if it appears that the district court erred in granting a new trial, we will reverse the order granting a new trial and reinstate the original verdict. *Id.*

However, the Board argues that we should exercise jurisdiction under the limited exception which arises when the trial court's power to grant a new trial is challenged on appeal. *Stradley,* 518 F.2d at 491. Under this narrow exception, an order that would otherwise be interlocutory is treated as an appealable final order. *Id.; see also Demeretz v. Daniels Motor Freight, Inc.,* 307 F.2d 469, 471 (3d Cir. 1962). This exception is based upon *Phillips v. Negley,* wherein the Supreme Court ruled that an order granting a new trial is itself reviewable as a final judgment when the challenge goes to the judicial power of the trial court to take that action. 117 U.S. 665, 671–74, 6 S.Ct. 901, 29 L.Ed. 1013 (1886). In making its argument, the Board points out that the district court's order for a new trial was entered on May 21, 2001, 49 days after the jury returned its verdict and well beyond the 10 day time restriction of F.R.C.P. 59(d). As noted above, Fed.R.Civ.P. 59(d) requires that a court enter an order for a new trial "[n]o later than 10 days after entry of judgment...." Accordingly, the Board's appeal essentially raises a question of the district court's authority to act beyond the time limit imposed by Rule 59(d), and therefore fits within this narrow jurisdictional exception.

■ The Board claims that the order granting a new trial is a nullity because it was not entered within 10 days of judgment. However, as noted above, the district court never entered a judgment

before ordering a new trial. Absent a judgment, the 10 day time restriction of Rule 59(d) is inapplicable, and we therefore conclude that the order for a new trial was not untimely as the Board suggests.

However, the Board raises a second issue that requires us to review the merits of the order for a new trial. The Board claims that the evidence was not sufficient to support a claim for compensatory damages, and the district court therefore erred in allowing plaintiff a new trial to prove such damages. Inasmuch as this matter is properly before us under the principles set forth in *Stradley,* we will review the merits of the underlying order. In doing so, we recognize the importance of avoiding the costs of unnecessary piecemeal review as well as the undesirability of denying justice by delaying it. *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–53, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

A district court may order a new trial if it is required to prevent injustice or to correct a verdict that was contrary to the weight of the evidence. *American Bearing Company, Inc. v. Litton Industries, Inc.,* 729 F.2d 943, 948 (3d Cir.1984). The decision to grant or deny a new trial is left almost entirely to the discretion of the district court. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980); *Blancha,* 972 F.2d at 512. Therefore we will reverse an order for a new trial only where we conclude that the district court abused its discretion. *Blancha,* 972 F.2d at 512.

Here, the district court explained that it was granting a new trial because the verdict was against the weight of the evidence. However, a district court should grant a new trial based upon a verdict being against the weight of the evidence only "where a miscarriage of justice would result if the verdict were to stand." *Wil-*

*liamson v. Consolidated Rail Corp.,* 926 F.2d 1344, 1352 (3d Cir.1991). The purpose of this rule is to ensure that the district court does not replace the jury verdict with one based upon its own interpretation of the facts. *Olefins Trading, Inc. v. Han Yang Chem. Corp.,* 9 F.3d 282, 290 (3d Cir.1993). "Such an action effects a denigration of the jury system and to the extent that new trials `are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts." *Lind v. Schenley Industries Inc.,* 278 F.2d 79, 90 (3d Cir.1960) (*en banc*).

██ Here, it is apparent from the record that the order for a new trial was based on the district court's dissatisfaction with what it saw as the jury's failure to dutifully consider the evidence and award Radwan some measure of compensable damages. In proceedings on May 21, 2001, the court stated:

> It appears to me that with regard to compensatory damages, that the jury ignored obvious evidence that the plaintiff was entitled to damages for emotional distress, whether minimal or substantial. He testified as to emotional distress and self feelings of dejection, despondency. As I say, although it was not supported by medical testimony, it was competent and I think the jury acted unreasonably or should have acted reasonably to conclude that within a reasonable time period of the alleged occurrences of these events he would be entitled to such compensatory damages. I stress I do not take any issue as to whether he is entitled to substantial, minimal or anything in between, but he is, according to the evidence, from my review, entitled to a reasonable assessment which he did not get from this jury.

However, notwithstanding the district court's concerns, it is clear that the evidence supported the jury's refusal to award compensatory damages to Radwan. Radwan's claim for compensatory damages was unsupported by medical testimony or medical records. His complaints amounted to feeling "bad" and having trouble sleeping and eating while employed by the Board. In explaining his sleeping and eating problems, he testified that he would stay up at night, drinking a significant amount of coffee and would skip a meal but ate a lot of donuts. Furthermore, Radwan's complaints about emotional injury arose in a limited time period when he was going through a separation and divorce from his wife of 11 years and mother of his three children. In addition, Radwan claimed to have seriously injured his back in 1996. The jury obviously concluded that Radwan did not meet his burden of proving that his "injuries" resulted from the defendant's actions as opposed to Radwan's own personal problems or preexisting physical injury.

Accordingly, it was not necessary to grant a new trial to avert an injustice. In attempting to do so, the district court replaced the jury's view of the evidence with his own, and entered an order for a new trial which we now agree must be reversed.

## II.

For all the reasons set forth herein, we will reverse the district court's order for a new trial.