Eric CHRISTIAN, Sr., as Administrator of The Estate of James George Sewer, et al,

v.

ALL PERSONS CLAIMING ANY RIGHT, TITLE OR INTEREST IN ALL PROPERTIES KNOWN AS DE-SCRIBED AS: ALL PROPERTIES KNOWN AS NEWFOUND BAY including but not limited to 9A, 9D, and 9G Newfound Bay, Newfound Bay No. 1, Newfound Bay No. 2 excepting only 9C Newfound Bay East End Quarter, St. John V. I.; Black Rock, No. 6R Estate Hansen Bay, East End Quarter, St. John, V.I.; John George, Parcel of Robert Avison, No. 6Q Estate Hansen Bay, Estate Hansen Bay, East End Quarter, St. John, V.I.; Christian Hughes, Longbay No. 2, East End Quarter, St. John, V.I.; 7A Hansen Bay East End Quarter, St. John, V.I. Irvin A. Sewer, Appellant.

No. 03–3965.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 6, 2004.

Decided May 17, 2004.

Karl R. Percell, Percell & Associates, Desmond L. Maynard, Law Offices of Desmond L. Maynard, Vincent A. Fuller, Jr., Maria T. Hodge, Hodge & Francois, Charlotte Amalie, St. Thomas, USVI, for Appellees.

Irvin Sewer, Charlotte Amalie, St. Thomas, USVI, pro se.

Cedric Lewis, Charlotte Amalie, St. Thomas, USVI, pro se.

Before BARRY, AMBRO, and SMITH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

Irvin A. Sewer appeals the District Court's denial of his post-judgment motion

to vacate the judgment by consent to which he agreed in 1994. In denying Sewer's motion, the District Court rejected his challenge to its subject-matter jurisdiction as unsupported. It also found that Sewer's motion seeking relief from the Consent Judgment based on a mutual mistake theory was not timely. Sewer appeals. For the reasons noted below, we agree with the District Court and therefore affirm its denial of Sewer's motion.

## I.

The factual history of this case is long and complex.[1] Thus we set out only those facts necessary to decide the issues on appeal. This case involves several tracts of land located in the Island of St. John,[2] the ownership and boundaries of which have been sources of this litigation.

In 1980, a probate action was brought in the District Court of the Virgin Islands by the persons claiming ownership of this property as heirs of the previous owners. The Court appointed as administrator Eric Christian, who in December 1987 brought an action to quiet title for each of the disputed parcels. Sewer, representing the heirs of Martin Sewer, intervened as one of the defendants.

In December 1993, the parties agreed to settle by a "Consent Judgment," which was approved by the District Court in June 1994. The Consent Judgment resolved, among other things, the disputes over title to the two parcels of land, parcels 6p and 6q. Sewer was awarded title to some portions of both parcels. The Consent Judgment indicated that parcels 6p and 6q were four acres and three acres, respectively. Because the location of the parcels was not precisely determined, however, the Court directed the defendants to arrange for the parcels to be surveyed.[3]

In January 1999, the District Court approved a survey, over Sewer's objections, that determined the size of parcel 6p to be approximately seven acres (rather than four acres). *Newfound Management Corp. v. Sewer*, 34 F.Supp.2d 305 (D.Vi. 1999). Further, in June 2001, the Court approved the survey of parcel 6q that sized that parcel as close to seven acres (instead of three acres), and rejected Sewer's contention that the parties' mutual mistake about the size of the parcel permitted rescission of the 1994 Consent Judgment.

1. The District Court commented that this litigation has a "long and tortured history."

2. The land is part of the Hanson Bay and Newfound Bay Estates in the East End Quarter of St. John.

3. The relevant provisions in the Consent Judgment provide that:

> Parcel 6q Hansen Bay, East End Quarter, St. John, Virgin Island, ..., is to be divided into 3 Sections.... Title to the 3 Sections of the parcel shall be awarded to the following proportions: to defendants, Heirs of Amos Sullivans, ..., is awarded 3/4 of an acre ..., together with a one half interest in the half acre ..., and a one third interest in the remaining 1 3/4 portion; to defendant, Estate of Bernard Williams, is awarded a

> 1/4 interest in the half acre portion ..., and a one third interest in the remaining 1 3/4 acre portion; to defendant, Irvin Sewer for the Heirs of Martin Sewer, is awarded a 1/4 interest in the half acre portion ... and a one third interest in the remaining 1 3/4 acre portion. This parcel shall be surveyed and the survey shall be subject to the mutual approval of the defendants who are awarded title thereto under this judgment, prior recording. [ ... ]

> Parcel 6p Hansen Bay, East End Quarter, St. John, Virgin Islands, ... consisting of 4 acres as recorded, is awarded to defendants, Estate of Bernard Williams and Irvin Sewer for the Heirs of Martin Sewer. This parcel shall be surveyed and the survey shall be subject to the mutual approval of the defendants who are awarded title thereto under this judgment, prior to recording.

*Christian v. All Persons Claiming Any Right*, 144 F.Supp.2d 420 (D.Vi.2001).

On June 13, 2003, Sewer moved to vacate the Consent Judgment, claiming that the District Court lacked subject-matter jurisdiction and that the parties were mutually mistaken. In August 14, 2003, the District Court denied the motion.[4] Sewer appeals.[5]

## II.

### A.

■ Sewer first argues the District Court did not have subject-matter jurisdiction when it entered the Consent Judgment in 1994.[6] He therefore seeks relief from the judgment under Federal Rule of Civil Procedure Rule 60(b)(4).[7]

On appeal, Sewer does not provide any reason why the District Court was without jurisdiction. The record shows that Sewer in his motion argued that the District Court lost its jurisdiction over Virgin Islands' local matters in 1991 when the V. I.'s territorial courts were vested with exclusive original jurisdiction over all local civil actions. *See* 4 V.I.Code Ann. § 76(a) (2003). We previously held, however, that the District Court reserved jurisdiction over local civil actions filed prior to October 1, 1991, the effective date of the stat-

ute. *See Isidor Paiewonsky Associates, Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 153 (3d Cir.1993). In this case, the underlying probate action was filed in 1980. The action to quiet title in which Sewer intervened as a defendant and later stipulated to the Consent Judgment was filed in 1987. Thus, we conclude that the District Court properly exercised jurisdiction when it entered the Consent Judgment.

### B.

■ Sewer next asserts that the Consent Judgment must be vacated because the parties were mistaken about the sizes of the parcels in dispute. We do not address this issue because we agree with the District Court that this challenge is now time-barred.

Federal Rule of Civil Procedure 60(b)(1) permits relief from a judgment, order, or proceeding by reason of mistake. But Rule 60(b) expressly provides that a motion "shall be made ... not more than one year after the judgment, order, or proceeding was entered or taken." Here, Sewer's motion to vacate was filed nine years after the entry of the Consent Judgment and two years after the District Court's adoption of the survey that conclusively established the location and bound-

4. As will be discussed in Section II, Sewer's motion was based on Federal Rule of Civil Procedure 60(b), which permits relief from judgment under certain circumstances.

5. We have appellate jurisdiction under 28 U.S.C. 1291. *See Lasky v. Continental Products Corp.*, 804 F.2d 250, 253 (3d Cir.1986) ("[I]t is now well established that orders denying a motion for relief from a judgment under Civil Rule 60 are final.") (citation omitted).

6. If the District Court indeed lacked subject-matter jurisdiction, the judgment is void, and "no passage of time can render a void judgment valid." *United States v. One Toshiba*

*Color Television*, 213 F.3d 147, 157 (3d Cir. 2000). Thus, we address this issue even though ten years have passed since the District Court entered the Consent Judgment. *See id.* at 158 (holding that laches may not be used to preclude such an attack).

7. The Rule provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

...

(4) the judgment is void....

aries of the parcels. Therefore, his motion is time-barred.[8] *See Stradley v. Cortez,* 518 F.2d 488, 493 (3d Cir.1975).

\* \* \* \* \* \*

We affirm the District Court's order denying Sewer's motion to vacate the Consent Judgment.

---

**8.** Finally, we note that Sewer's due process violation claim was not raised before or adjudicated by the District Court. Thus, we do not consider the issue. *Harris v. City of Philadelphia,* 35 F.3d 840, 845 (3d Cir.1994).