ALD-158                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3263
_____

JOSE CRISTOBAL CARDONA,
                                                    Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 4:10-cv-02269)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Federal prisoner Jose Cardona appeals pro se from the District Court's orders

denying his motion filed pursuant to Federal Rule of Civil Procedure 60(b)(2) and

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

declining to reconsider that ruling. Because this appeal presents no substantial question, we will summarily affirm the District Court's orders.

## I.

This appeal concerns Cardona's seventh motion seeking relief from the District Court's July 6, 2011 judgment denying his 28 U.S.C. § 2241 habeas petition, which alleged that his due process rights were violated in a prison disciplinary proceeding. On or around June 2, 2014, Cardona filed a motion relying on Rule 60(b)(2), claiming that he had newly discovered evidence — another prisoner's disciplinary records — that warranted relief from the District Court's order denying his habeas petition. On June 16, 2014, the District Court denied Cardona's motion as untimely and meritless. Cardona thereafter filed a timely motion for reconsideration, essentially stating that the District Court did not understand the importance of his "newly discovered evidence." On July 1, 2014, the District Court denied Cardona's motion for reconsideration after determining that he did not satisfy the grounds for that relief. Cardona then filed a timely notice of appeal, challenging these two latest orders.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and will summarily affirm the District Court's orders if there is no substantial question presented in the appeal. See 3d Cir. I.O.P. 10.6. Our standard of review over the denial of both motions is abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam)

2

(motion for reconsideration); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b) motion).

We find no error in the District Court's denial of Cardona's Rule 60(b)(2) motion or his motion for reconsideration of that order. As Cardona is aware, motions brought under Rule 60(b)(2) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).[1] Cardona's motion was filed nearly three years after the entry of judgment, and the District Court did not abuse its discretion in denying it as untimely.[2] Further, Cardona's motion for reconsideration advanced the same argument that was in his Rule 60(b)(2) motion. Because this is not a proper basis for reconsideration, the District Court appropriately denied the motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

There being no substantial question presented on appeal, we will summarily affirm. See 3d Cir. I.O.P. 10.6.

---

[1] Although a motion for relief under Rule 60(b)(6) "is not limited by any strictly defined time period," that catch-all provision "is not intended as a means by which the time limitations of [Rule] 60(b)(1-3) may be circumvented." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). Accordingly, Rule 60(b)(6) does not help Cardona here.

[2] Because we agree with the District Court that the motion was untimely, we need not discuss its determination that the motion was meritless.