NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4806
_____

TD BANK, N.A., Successor by merger with
Commerce Bank/Pennsylvania, N.A.

v.

BNB PROPERTIES, LLC;
JOCELYN PROPERTIES, INC;
CONSTRUCTION & DESIGN, INC.

BNB Properties, LLC; Jocelyn Properties, Inc.,
                                        Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-00136)
District Judge: Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 20, 2016

Before:  JORDAN, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: February 2, 2016 )
_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

HARDIMAN, *Circuit Judge.*

BNB Properties, LLC and Jocelyn Properties, Inc. appeal multiple orders arising from a foreclosure action. Because BNB failed to timely appeal all but the last of these orders, our review is limited to that order, which we will affirm.

I

On June 25, 2002, BNB obtained a mortgage loan from Commerce Bank/Pennsylvania, N.A. in the amount of $800,000. Appellee TD Bank, N.A. is the successor-by-merger to Commerce Bank's interest in that loan to BNB. On September 10, 2009, TD Bank exercised its option under the mortgage agreement to declare the outstanding balance and interest due. BNB failed to pay its balance and, after many attempts to receive payment, TD Bank initiated a foreclosure action in the Court of Common Pleas of Montgomery County. On January 10, 2014, BNB removed the case to the United States District Court for the Eastern District of Pennsylvania.

The case moved forward until BNB's counsel and corporate principal, John Koresko, was suspended from the practice of law by the District Court. Upon learning of this development and noting that corporate entities must be represented by counsel, the District Court gave BNB 30 days from June 24, 2014 to replace Koresko. After BNB failed to do so, the Court granted it 14 additional days—to August 8, 2014—to show cause as to why default judgment should not be entered in TD Bank's favor. In lieu of a timely response, three days after the deadline to show cause had passed, Koresko filed

two "pro se" motions purporting to respond to the Court's show-cause order. Because Koresko was neither a party to the suit, nor licensed to act as BNB's counsel, the Court rejected the motions and directed the Clerk of Court to enter default against BNB.

A few weeks later, the Court held a hearing as to whether default judgment should be entered against BNB. At the hearing, BNB appeared with replacement counsel who had been given the record the night before. In defense of its position, BNB called Koresko to testify. He stated that his ability to respond to the Court's previous requests was impaired due to a car accident on July 15, 2014. The accident resulted in a two-day hospital stay and reduced the amount of time he could work each day. Koresko also testified that his ability to find replacement counsel was hampered by a combination of financial hardship and various legal matters. Koresko noted that, despite these impediments, he was able to draft and file a 35-page motion three days after the show-cause order expired. And when asked whether he could have called BNB's present counsel in the time he spent working on the motion, he responded, "[c]ertainly." App. 373. Unmoved by Koresko's testimony, the District Court entered a default judgment.

After announcing its findings, the Court proceeded to the issue of damages. In support of its damages calculation, TD Bank submitted an affidavit and presented a vice president from its workout department as a witness. Koresko took the stand again on behalf of BNB.

Shortly thereafter, on October 3, 2014, the Court issued its order entering default

3

judgment against BNB and awarding TD Bank $790,286.03. In response, BNB filed a motion to set aside the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. The motion was filed in the District Court in the early morning hours of November 1, 2014. The Court denied BNB's motion on November 21, 2014.

On December 19, 2014, BNB filed this appeal seeking: (1) reversal of all District Court orders relating to the initial entry of default judgment; (2) remand for a new damages calculation because TD Bank's witness was not competent to testify to damages; (3) vacatur upon a finding that TD Bank lacked standing to initiate this foreclosure action; and (4) reversal of the District Court's adverse Rule 60(b) ruling.

II

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. TD Bank challenges the scope of our jurisdiction in this appeal.

Appellants were required to file a notice of appeal "within 30 days after entry of the judgment or order" they seek to appeal. Fed. R. App. P. 4(a)(1)(A). Nevertheless, Appellate Rule 4(a)(4) provides various exceptions to this requirement. For example, if a party files "for relief under Rule 60 . . . no later than 28 days after the judgment is entered," then "the time to file an appeal runs for all parties from the entry of the order disposing of" the Rule 60 motion. Fed. R. App. P. 4(a)(4)(A)(vi).

In this case, BNB filed its Rule 60 motion 29 days after judgment was entered. Accordingly, that motion failed to toll the time to appeal the District Court's underlying

4

orders and the time to appeal such orders had expired by the time this appeal was filed. TD Bank claims this untimeliness precludes us from reviewing all the District Court orders except for its order denying the Rule 60 motion itself. We agree.

In response to TD Bank's untimeliness argument, BNB first speciously argues that had its Rule 60 motion been filed in a federal court located in the central time zone, it would have been filed on the 28th day. Of course, the motion it filed in the District Court was filed in the eastern time zone on the 29th day, which makes BNB's hypothetical irrelevant. *See* Fed. R. App. P. 26(a)(4) (stating that the time zone of the court in which the document was filed controls "in computing any time period specified in these rules").

BNB next contends that because Appellate Rule 4(a)(4)(A)(vi) is a "claims-processing rule" rather than a jurisdictional rule, we should deem its motion timely as a matter of equity. This presents a question of first impression for the Court, *see Long v. Atl. City Police Dep't*, 670 F.3d 436, 445 n.18 (3d Cir. 2012), but we need not decide the question today because, even assuming that 4(a)(4)(A)(vi) is a claims-processing rule, TD Bank has neither waived nor forfeited its argument that BNB's motion was untimely. *See Baker v. United States*, 670 F.3d 448, 455 (3d Cir. 2012). Nor do equitable considerations help BNB because it has failed to explain why its motion was filed late, apart from a vague allusion to Koresko's "prior condition constituting a disability and the need for a reasonable accommodation under the Americans with Disability Act." BNB Br. 28. Without any explanation as to how Koresko's claimed disability led the corporation's

5

counsel to miss the deadline, we cannot begin to evaluate the validity of this claim.

For the reasons stated, we will not reach any of the issues related to the District Court's initial entry of default judgment (including the competency of TD Bank's witness).

## III

We turn now to BNB's challenges to TD Bank's standing to initiate this foreclosure action, which is cognizable under Rule 60(b)(4) if the judgment of foreclosure were void.[1]

BNB's argument in this regard is no more persuasive than its previous arguments. Taking the shotgun approach and without citation to any relevant standing jurisprudence, BNB claims TD Bank lacks standing because: (1) the mortgage may be the product of a partial fraudulent conveyance, thereby removing BNB from the chain of title; (2) TD Bank's putative predecessor engaged in illegal activity making the mortgage voidable; (3) interlineations and the form of the mortgage may render it voidable; and (4) TD Bank failed to show it was assigned the mortgage, rendering its interest in it a nullity.

All of BNB's arguments run headlong into the following facts which plainly

---

[1] BNB moved for relief under both Rule 60(b)(4) and 60(b)(6), which trigger different standards of review. Although the District Court's determinations under Rule 60(b)(4) are subject to plenary review, its denial of relief under Rule 60(b)(6) may be reversed only for an abuse of discretion. *Page v. Schweiker*, 786 F.2d 150, 152 (3d Cir. 1986). Because BNB fails to establish any "extraordinary circumstances" justifying relief under Rule 60(b)(6), *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975), we perceive no abuse of discretion and dispose of that portion of BNB's appeal without further comment.

establish standing. TD Bank provided the District Court with a copy of the mortgage agreement and alleged that it came into possession of the mortgage via a merger with Commerce Bank. It alleged that BNB failed to make required payments on that mortgage, and that it sought to foreclose. And TD Bank has been directly injured by BNB's failure to meet its payment obligations and such harm may be remedied by foreclosure.

Finally, BNB argues that we should set aside the default judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). But BNB moved for relief in the District Court under Rules 60(b)(4) and (6), not Rule 60(b)(1). Accordingly, this argument was forfeited. *See, e.g.*, *Lesende v. Borrero*, 752 F.3d 324, 333 (3d Cir. 2014).

*　　*　　*

For the reasons stated, we will affirm the District Court's November 21, 2014 order and will dismiss the remainder of the appeal with prejudice.