**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1814
_____

UNITED STATES OF AMERICA,

v.

MAYANK MISHRA

*DAPHNE PATTISON SILVERMAN,
Appellant
*(Pursuant to Fed. R. App. P. 12(a))

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2:12-cr-00092)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 29, 2019

Before:  SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*.

(Opinion filed:  November 13, 2019)

_____

OPINION*
_____

PHIPPS, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

As an attorney appearing *pro hac vice* in the Western District of Pennsylvania to represent a defendant at a criminal trial, Daphne Pattison Silverman twice ran afoul of court orders.  She violated a pre-trial order, resulting in a finding of contempt and a sanction of $1,000, payable immediately.  After Silverman did not comply with the order to pay that fine for five weeks, the Government moved for additional sanctions, and on May 18, 2016, the District Court revoked her *pro hac vice* admission.  The District Court had jurisdiction to enter the contempt and revocation orders, which were issued in connection with a criminal proceeding, *see* 18 U.S.C. § 3231, and Silverman did not appeal either order.

Nearly three years later, on March 28, 2019, Silverman moved pursuant to Civil Rule 60(b)(6) for relief from the order revoking her *pro hac vice* admission.  The District Court denied that motion, and Silverman now appeals that order.  The denial of a Civil Rule 60(b)(6) motion seeking relief from a final order is itself a final order over which this Court has appellate jurisdiction.  *See* 28 U.S.C. § 1291; *Penn W. Assocs. v. Cohen*, 371 F.3d 118, 123-24 (3d Cir. 2004).  The abuse-of-discretion standard governs appellate review of a denial of a Civil Rule 60 motion.  *See Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).

Under Civil Rule 60, relief from judgment is permitted in six instances.  *See* Fed. R. Civ. P. 60(b)(1)-(6); *see generally Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.").  To seek relief based on the first three scenarios, such a motion

2

must be filed within one year of the judgment. *See* Fed. R. Civ. P. 60(c)(1); *see also id.* 60(b)(1)-(3). For the remaining scenarios, a motion, such as one under Rule 60(b)(6), must be filed within "a reasonable time," which may be more or less than one year. *Id.* 60(c)(1); *see also id.* 60(b)(4)-(6); *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (explaining that the phrase 'a reasonable time' "is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented."). The initial (and only) question addressed here is whether the two-year-and-ten-month period between the District Court's revocation order and Silverman's Rule 60(b)(6) motion was a reasonable time.

It was not. As a reference point, Silverman did not appeal or otherwise contest the revocation order before moving for Rule 60(b)(6) relief. Instead, it was well after the revocation order that Silverman moved for the extraordinary remedy of relief from judgment. *See generally Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (explaining that relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur" (quoting *Cox*, 757 F.3d at 120)); *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (explaining that Rule 60 relief from judgment should be granted only "where extraordinary justifying circumstances are present" (quoting *Plisco v. Union R.R. Co.*, 379 F.2d 15, 16 (3d Cir. 1967))). Silverman presents no persuasive explanation for the delay. She references her bout with cancer, which could bear on the reasonableness of the timing for a Rule 60 motion. But to justify a delay of this length, it would require greater detail of exceptional circumstances than Silverman provides, especially since she was represented by counsel regarding the revocation of her *pro hac vice* status. It may be

3

that Silverman's Rule 60 motion was prompted by her recent realization that revocation of *pro hac vice* admission in one district would negatively affect her ability to gain admission in other districts. But that too is not a basis for holding that nearly three years constitutes a reasonable time for filing a motion under Rule 60 in these circumstances. *See generally Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1344 (3d Cir. 1987) (holding that a Rule 60(b)(6) motion filed two years after the judgment was "not made within a reasonable time").

For these reasons, the District Court did not abuse its discretion in denying Silverman's Rule 60(b)(6) motion, and we will affirm that ruling.