**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-3532

———————

In Re: HERTZ GLOBAL HOLDINGS, INC. SECURITIES LITIGATION

SHEET METAL WORKERS' LOCAL 80 PENSION TRUST FUND;
WESTCHESTER TEAMSTERS PENSION FUND,
Appellants

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-13-cv-07050)
District Judge: Hon. Madeline C. Arleo

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-14-cv-00285)
District Judge: Hon. Stanley R. Chesler

———————

Submitted under Third Circuit L.A.R. 34.1(a)
October 8, 2020

Before: AMBRO, JORDAN, and MATEY, *Circuit Judges*.

(Opinion filed: October 13, 2020)

———————

OPINION*

———————

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge.*

Hertz Global Holdings, Inc. ("Hertz"), its former executives, and its shareholders return to this Court for a second look at allegations of fraud leading to overstated revenue and, ultimately, a sagging share price. This time around, Plaintiffs challenge the District Court's refusal to reopen the case and permit an amended complaint. But Plaintiffs' request was untimely, and we will thus affirm, although, because of Hertz's bankruptcy, only as to Plaintiffs' claims against the individual defendants.

## I. BACKGROUND

In 2015, Hertz announced that "inappropriate accounting decisions" led to overstated revenue in prior fiscal years. (App. at 80.) Plaintiffs, a group of Hertz shareholders, then sued the company and three of its former executives, alleging that numerous statements made or approved by the defendants about the company's finances during the relevant period were fraudulent.[1] The District Court held that Plaintiffs' complaint failed to "state with particularity facts giving rise to a strong inference that the defendant[s] acted with" an "intent to deceive, manipulate, or defraud investors," and dismissed the claims. (App. at 42.) We then affirmed. *In re Hertz Global Holdings Inc.*, 905 F.3d 106 (3d Cir. 2018).

But while the case was over, the story was not. After our decision, the Securities and Exchange Commission announced an agreement with Hertz to settle a regulatory investigation into the overstatements. That caught Plaintiffs' attention, so they moved the

---

[1] The putative class action included the Sheet Metal Workers Local No. 80 Pension Trust Fund and the Westchester Teamsters Pension Fund.

District Court to set aside the dismissal, reasoning that the SEC's order contained findings that, if incorporated into an amended complaint, would satisfy the scienter requirement found lacking. While that motion was pending, Hertz sued two of the former executives, alleging that their conduct caused the overstatements and that Hertz was therefore entitled to claw back some of their incentive compensation ("Clawback Action"). Sensing a bit of bait and switch, Plaintiffs argued that Hertz was now accusing the executives of the very misconduct the company had denied. The District Court listened, but ultimately concluded that Plaintiffs' motion was untimely and, in any event, without merit. That led to this appeal.[2]

Finally, three last chapters in the story. To start, after this appeal was noticed, the SEC settled with two of the former executives. Next, Hertz amended its complaint in the Clawback Action. Plaintiffs ask us to judicially notice these two developments. And last, Hertz filed for bankruptcy. The parties agree the bankruptcy stays the case as to Hertz, but Hertz asks the case be stayed as to the individual defendants as well. Mindful of the Bankruptcy Court's authority under Section 105(a) of the Bankruptcy Code to extend the stay to non-debtor third parties, we asked Hertz about its former executives. In response, Hertz represented that the bankruptcy court has not extended the stay to the individual defendants. We proceed accordingly and our decision addresses only Plaintiffs' claims against Hertz's former executives.

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

3

## II. DISCUSSION

This matter turns on Rule 60(b) of the Federal Rules of Civil Procedure, which allows district courts to "relieve a party . . . from a final judgment." The grounds for relief are limited, and include "newly discovered evidence," Rule 60(b)(2); "fraud . . . , misrepresentation, or misconduct by an opposing party," Rule 60(b)(3); or, a bit more broadly, "any other reason that justifies relief," Rule 60(b)(6). Rules 60(b)(2) and 60(b)(3) require motions within "a year after the entry of the judgment," but motions under Rule 60(b)(6) need only "be made within a reasonable time." Rule 60(c)(1). To prevent the general from defeating the specific, a party may not use the exception in Rule 60(b)(6) for motions properly brought under Rules 60(b)(2) or 60(b)(3) to "circumvent[]" the one-year time limitation. *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975).

Here, the District Court held that Plaintiffs' motion raised "newly discovered evidence" under Rule 60(b)(2), making it untimely.[3] We agree. "[T]he term 'newly discovered evidence' refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). True, the SEC orders and the Clawback Action arose after the District Court dismissed Plaintiffs' complaint. But Plaintiffs rely not on the creation of those documents but on their *contents*, which purport to show what the executives knew when making the allegedly fraudulent statements. And that state of mind was a "fact[] in existence" long before the District Court dismissed this lawsuit. *See Chilson v. Metro. Transit Auth.*, 796

---

[3] The District Court's dismissal order was entered on April 28, 2017. Plaintiffs filed their Rule 60(b) motion on February 5, 2019—more than one year later.

4

F.2d 69, 72 (5th Cir. 1986) (facts in an audit were "in existence at the time of the trial," even though audit itself was not); *Rosebud Sioux Tribe v. A & P Steel*, 733 F.2d 509, 515–16 (8th Cir. 1984) (post-trial admission of perjury was "newly discovered evidence" since the perjury existed at the time of trial); *cf. Betterbox Commc'ns Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 331–32 (3d Cir. 2002) (rejecting Rule 60(b)(2) motion based on trademark-cancellation notice issued after trial, since the notice "d[id] not reveal that a decision to cancel had been made at the time of trial").

Hoping to avoid that conclusion and benefit from the open-ended, "reasonable" time limit of Rule 60(b)(6), Plaintiffs note that Hertz settled with the SEC and filed the Clawback Action after we affirmed the District Court's dismissal order. No accident, they argue, seeing the timing as motivated by a desire to deprive them of facts helpful to their complaint. And that, they conclude, must be an "extraordinary circumstance." *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (noting that a party seeking to use Rule 60(b)(6) must show the existence of "extraordinary circumstances"). But even accepting this theory, their argument is naturally one of "fraud, misrepresentation, or misconduct" governed by Rule 60(b)(3) and the same one-year time limit. *See Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). Either way, therefore, the motion to reopen is too late.

### III. CONCLUSION

As Plaintiffs' motion was untimely, the District Court properly denied it. For that reason, we will affirm as to the claims against the former executives. Because of its ongoing bankruptcy proceedings, the appeal remains stayed as to Hertz.

5